McGINNIS *et al. v.* RAGSDALE, ordinary.

1. When a special term of a superior court is convened for the purpose of disposing of any and all business before the court, and the grand jury which served at the preceding regular term is required to be in attendance at such special term, such grand jury has authority to make a recommendation, under the provisions of the Political Code, § 573 et seq., that the alternative road law be adopted in the county.
2. The alternative road law as contained in the code sections above referred to was not repealed by the act of 1896, providing an additional scheme for working the roads in the different counties, which might be adopted by a popular vote, nor by the act of 1898 which was amendatory of the act just referred to.
3. An act of the General Assembly which operates uniformly upon all persons within a designated class is a general law and not in violation of that provision of the constitution of this State which requires that all laws of a general nature shall have uniform operation throughout the limits of the State, unless it is manifest that the classification is arbitrary or unreasonable.
4. An act dividing the people of the State into two general classes, one embracing all those residing within the limits of incorporated cities and towns, and the other all those residing without such limits, and making provision for working the roads by the latter class which is different from that prescribed by law as the method to be followed by the former, does not make an arbitrary or unreasonable classification.

Submitted June 30, — Decided August 8, 1902.

Petition for injunction. Before Judge Candler. DeKalb superior court. May 3, 1902.

*W. W. Braswell*, for plaintiffs.
*Candler & Thomson*, for defendant.

COBB, J. This was an application by citizens and taxpayers of DeKalb county, for an injunction to restrain the ordinary from causing the roads of that county to be worked under what is known as the alternative road law, embraced in the Political Code, §§ 573–583, and from assessing or levying any commutation or ad valorem tax under the provisions of that law, or executing any of the provisions of the same. The judge refused to grant the injunction prayed for, and the plaintiffs excepted. At a special term of the superior court of DeKalb county, held in December, 1900, the

grand jury serving at that term made a recommendation in the following language: "We recommend that the alternative road law contained in chapter 2, article 2, 573–583, inclusive, of volume 1 of the Code, be put in operation in said county;" this recommendation being contained in the general presentments. This special term was held pursuant to an order passed by the judge of the circuit, calling a special term to begin on Monday, December 17, 1900, "for the purpose of trying and otherwise disposing of the business pending in said court, either civil or criminal." The order directed that the grand jury which had served at the August term, 1900, of that court should report for service at the special term, and that they should be notified to this effect by the sheriff of the county. Political Code, § 583, as amended by the act of 1897, provides: "This article shall not go into effect in any county in this State until it is recommended by the grand jury of said county, said recommendation to be made at any term of court; and the operation of this article shall be suspended in any county of this State upon a like recommendation of the grand jury, made at any term of court, after the lapse of three years from the time this article goes into effect." Acts 1897, p. 20; Van Epps' Code Supp. § 6130. It is contended that, under the provisions of the statute just quoted, a grand jury would have no authority at a special term of the court to make any recommendation in reference to the alternative road law; that the expression "any term of court" means a regular term; and that therefore the recommendation in the present instance was void. Under the law of this State the terms of the superior court which are authorized to be held by the judges thereof are divided into three classes: regular, adjourned, and special terms. The law provides for the holding of two regular terms of the superior court in each county each year, except in the county of Chatham, in which there are annually held three regular terms under the provisions of a statute passed long before the adoption of the constitution of 1877. An adjourned term of the court is said to be held where the regular term has never been adjourned but the session has been continued by an order providing that the court shall reconvene as in regular term after the lapse of a recess other than the ordinary recess when the court is in session from day to day. A special term is a term called to convene after the adjournment of one regular term and before the time ar-

rives for the holding of another regular term. The law provides that the judges of the superior courts "are authorized to hold special terms of said courts for the trial of criminals, or for the disposition of civil business, either or both, in any county of their circuits, at discretion, and to compel the attendance of grand or petit juries, either of a previous term, or to draw new jurors for the same, according to the laws now in force." Civil Code, § 4345.

At a special term called by the judge for the purpose of disposing of any civil or criminal business before the court the judge is certainly authorized to dispose of any business that may be on the dockets of the court at the time the special term is convened; and as the judge is authorized expressly to compel the attendance of the grand jury, the court can also dispose of any criminal business which may be brought before it upon presentments or indictments made at the special term. We do not think it will be questioned that the grand jury at a special term may return an indictment or presentment and that the judge may at that term try the persons thus presented or indicted. A special term of the court is undoubtedly a term of court within the meaning of the law; and as the judge in his discretion is authorized to require the grand jury to be in attendance at such a term, it would seem that when the grand jury is in attendance at that term it is vested with all the authority which it has under the law at any term of court. The court may dispose of any business at a special term, unless there is a law which in express terms or by necessary implication deprives it of this power; and when there is a grand jury in attendance at such special term, such grand jury may dispose of any matter which it has authority to pass upon at a regular term. There is nothing in the Political Code, § 583, which either in express terms or by necessary implication requires that the recommendation in reference to the alternative road law shall be made at a regular term of the court. The grand jury at a special term can do anything which it could have lawfully done at the regular term preceding the special term, but of course can not do anything which is by law required to be done at the succeeding term. The grand jury at the September term, 1900, of DeKalb superior court could have made this recommendation, and when this same grand jury was in session at the special term there was no reason why it should not act upon the matter. For many, if not for all, purposes the special term is

to be treated as a continuation of the last preceding regular term of the court.    There is nothing in this ruling to conflict with the decision in *Stripland* v. *State*, 115 *Ga.* 578, where it was held that when a person charged with a crime has made a demand for trial, a failure to try at a special term would not have the effect of discharging the accused, as the law in reference to such a demand contemplated regular terms of the court.    At the time of the passage of the law providing that where persons accused of certain crimes had made a demand for trial, and a trial was not had within two terms after such demand was made, the accused should be discharged, there was no law providing for the calling of special terms for the trial of criminal cases ; and it is therefore necessarily to be presumed that the legislature had in contemplation regular terms. Counsel in argument sought to analogize the law under consideration to the divorce law, which requires that two concurrent verdicts shall be rendered at different terms of the court ; and he contended that inasmuch as the terms referred to in the divorce law were manifestly regular terms, the same construction will be given the words "any term" as used in the alternative road law.  A sufficient reply to this suggestion is that the provision in the constitution in reference to divorces was adopted at a time when the judges of the superior courts had no power to call special terms of the courts ; and therefore it is to be inferred that the terms referred to in the constitutional provision are regular terms.

2. It was further urged, as a reason why the judge erred in refusing to grant an injunction, that the alternative road law embraced in the sections of the Political Code above referred to was no longer of force, having been repealed by later legislation.    The law as contained in the code provided a scheme for working the roads. which was to go into effect in a county only when recommended by the grand jury.    In 1896 (Acts 1896, p. 78) an act was passed which amended the act of 1891 embodied in the code, by providing an additional scheme for working the roads, which scheme was not to go into effect in any county until it had been adopted by a popular vote of the county at an election called for that purpose.    While the act of 1896 was an amendment of the act of 1891, it was distinctly provided in the act of 1896 "that it shall be optional with the counties of this State to adopt the road working plan provided by the act of which it is amendatory, or

that provided by this act, as the counties may express their preference as provided by law." While the act of 1896 has a general repealing clause, the effect of this clause is to repeal only the acts in conflict with that act, and by the very terms of the act of 1896 the act of 1891 is not only not repealed but is kept in force, and the people in the different counties are given the right to decide whether they will adopt the scheme provided by the one act or that provided by the other. The act of 1898 (Acts 1898, p. 110) is upon its face simply an act amendatory of the act of 1896, and changes the scheme provided by that act in various particulars; and it is provided that the provisions of the act of 1898 shall not go into effect in any county except in those which have adopted or may adopt the provisions of the act of 1896 by a popular vote, and, in counties which have already adopted the act of 1896, only after the provisions of the amendatory act of 1898 have been adopted by the grand jury of the county. This act has also a general repealing clause; but as there is nothing in the act of 1891 which is at all in conflict with this act, that act stands unaffected by the passage of the act of 1898. Under the legislation as it now stands, a county which has never passed upon the question of adopting either of the laws commonly called the alternative road law has the right to adopt, by a recommendation of the grand jury, the scheme provided in the act of 1891, now embraced in the code, or by a popular vote to adopt the scheme provided in the act of 1896, as amended by the act of 1898. While the schemes are entirely different in some particulars, it is clear from the legislation on the subject that the General Assembly intended to keep the two schemes in force, and allow the different counties of the State to decide which of the two, if either, they desired to adopt. See, in this connection, *Haisten* v. *Glower*, 114 *Ga.* 992.

3, 4. It is alleged in the petition that the alternative road law contained in the code " is unconstitutional and void, for the reason that it contravenes that provision of the constitution of the State which provides that 'laws of a general nature shall have uniform operation throughout the State'"; it being insisted that, as that law excepts from its operation the citizens of towns and cities, it does not and can not have uniform operation through the State. There is a provision in the alternative road law contained in the code, to the effect that " citizens of cities and towns shall not be

required to work the public roads outside the corporate limits, nor to pay the commutation tax." When the General Assembly passed this law it divided the people of this State into two general classes, viz., those residing within the limits of towns and cities, and those residing without such limits.   The act of 1891 applies to all persons embraced within the latter class, but does not apply to any one embraced within the former class.   A law which operates uniformly upon all persons of a designated class is a general law within the meaning of the constitution, provided that the classification thus made is not unreasonable.  See *Union Savings Bank* v. *Dottenheim*, 107 *Ga.* 606 (2), and cases cited.  It will not be seriously contended that the classification made by the General Assembly in the alternative road law is either arbitrary or unreasonable.

The judge did not err in refusing to grant the injunction.

*Judgment affirmed.   All the Justices concurring, except Lewis, J., absent.*