### 1889.   CAMPBELL *v.* THE STATE.

The court erred in not discharging the defendant.

Accusation of misdemeanor, from city court of Cartersville—Judge Foute.    March 31, 1909.

Submitted July 20,—Decided July 31, 1909.

*James B. Conyers, Ben J. Conyers,* for plaintiff in error.

*Watt H. Milner, solicitor,* contra.

Powell, J.   As finally corrected, the bill of exceptions presents the following statement of facts.   At the December term of the city court of Cartersville the plaintiff in error filed a written demand for trial, which was allowed by the court and spread upon the minutes.   At the March term of the court, after the jury had been discharged, he made a motion to be discharged and acquitted, on the ground that he had not been tried during the term.   At the hearing of the motion the solicitor insisted that the discharge should not be granted, because during the March term the defendant had moved to continue the case.   The testimony taken on this point was in sharp conflict, the defendant insisting that the motion to continue was made by the State, and the State's counsel insisting that the motion was made by the defendant; but it is undisputed that the court did not grant the motion for a continuance, but postponed the case to a later date during the same term.   The case having been called subsequently, and the court having entered upon the trial of it to the extent of having tested several of the jurors on their voir dire, the judge decided to continue the case, out of prudence, as he expressed it, on the ground that too many of the jurors were subject to challenge because they had heard the testimony in a companion case.   It appears from the record, however, that there was in court a regular panel of eighteen jurors, as well as several talesmen.   There are other details in the bill of exceptions, but they appear to be immaterial.

Under our statute passed in deference to the constitutional guarantee of a speedy trial, the defendant is entitled to enter a demand

for trial on the minutes of the court, and he must be tried at the term at which the demand is made or at the next subsequent term, otherwise he stands discharged and acquitted, provided there are jurors impaneled and qualified to try him at both terms of the court. However, if at either term of the court the defendant continues the case, the law regards this as a waiver of his demand, and he forfeits his right to a discharge. In the case before us, adopting the version contended for by the State, that the defendant made a motion to continue the case at the second term, we would hold that the defendant had waived his demand, if his motion had been granted. But the motion was not granted. The case was simply postponed, and subsequently at the same term it came on for trial. We are inclined to the view that if a defendant should move for a continuance, and succeed in getting a postponement, and it appeared that the State was ready at the time the case was originally called for trial, but not at the time it was subsequently called, and was thus made less ready by the postponement, the defendant's conduct in securing the postponement would operate as a waiver of the demand. But it does not appear in the present case that the State's counsel was less ready for trial at the second sounding of the case than he was when the case was originally called. We do not think, therefore, that the defendant should be deprived of his demand merely by reason of the fact that he took steps to postpone his case to a later date during the same term; the State not being prejudiced. When the matter finally came to a hearing the continuance was granted not on the motion of the defendant, but at the instance of the judge He same to the conclusion that it would be difficult to get a jury, and continued the case. This brings us face to face with the question as to the meaning of the limitation found in section 958 of the Penal Code, relating to demands: "And [if] at both terms there were jurors impaneled and qualified to try him." In the present case it is plainly shown that there was a jury impaneled. If the word "qualified," as used in the statute, means free from grounds of challenge, it is not shown that the jurors were all qualified, for it affirmatively appears that some of the members of the panel had disqualified upon voir dire. We do not think that the statute can fairly be given such a meaning. So to hold would be to hold in effect that if upon the regular panels of the court any juror were disqualified by reason of relationship to the defendant,

he would be deprived of his right to enforce the constitutional guarantee of a speedy trial. We think that the word "qualified," as used in the statute, relates to the general qualifications of the panels, rather than to the particular qualification of an individual juror appearing thereon. In other words, for felony cases pending in the superior court it would take the presence of a panel of forty-eight to fulfil the requirements of the statute; in misdemeanor cases in the superior court a panel of twenty-four. In city courts the matter is controlled by the requirements of the local statutes. If the panel be a qualified panel, if the array is not subject to challenge, the defendant should be tried upon his demand, or discharged. If necessary, the court may cause the panels to be filled in the event any of the jurors disqualify upon the voir dire or are otherwise put off for cause. After carefully considering the matter, we have come to the conclusion that the court erred in not discharging the defendant.                                    *Judgment reversed.*