## 52355. HATFIELD v. THE STATE.

SMITH, Judge.

The defendant was indicted at the April Term, 1973, of the Superior Court of Ware County, for the offense of aggravated assault on a fellow prisoner at the Ware County Correctional Institution. The defendant was arraigned and pleaded "not guilty" on August 29, 1974. By use of the mails, he filed a demand for trial with the Superior Court of Ware County on October 18, 1974, and his demand was placed on the minutes of the court. The court's regular terms are in April and November of each year. Juries were impaneled for the trial of cases from the April Term, 1973 through November Term, 1975. No order of court appears of record relating to the filing or recording on the minutes of the demand for trial, nor does any order appear of record permitting the filing of such demand for trial. The record also discloses that at the time demand for trial was filed on October 18, 1974, there was no jury impaneled for the trial of cases and no jury was impaneled until the November Term, 1974.

The defendant's case was called for trial at a special term of court in August, 1975. After the charge to the jury had been concluded, counsel for the defendant called the court's attention to the fact that the defendant had filed a demand for trial informing the court that counsel learned about this demand during the progress of the trial. The court stated for the record that he had first knowledge of this demand for trial while the trial was in progress. The motion for discharge of the defendant made at that time was overruled by the trial judge and the defendant appeals that ruling to this court.

Code § 27-1901 provides: "Any person against whom a true bill of indictment is found for an offense not affecting his life may demand at either the term when the indictment is found, or at the next succeeding regular term thereafter, a trial; or, by special permission of the court, he may at any subsequent term thereafter demand a trial. In either case the demand for trial shall be placed upon the minutes of the court. If such person shall not be tried when the demand is made, or at the next succeeding regular term thereafter, provided at both terms there

were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment."

A demand for trial must be made at a regular term of court, at which there is a jury impaneled and qualified to try the defendant, and while no order of the court may be necessary if it is filed during the term at which he is indicted (*Dickerson v. State,* 108 Ga. App. 548 (134 SE2d 51)) the statute expressly requires permission of the court if the demand be made at a regular term subsequent to the term of indictment and the first term thereafter. Appellant was indicted at the April Term, 1973. Subsequent regular terms were the November Term, 1973 and the April Term, 1974. Assuming, without deciding, that the demand could properly be considered under the statute as having been presented at the regular November Term, 1974, then he must secure "special permission of the court" to file a demand for trial, which will be effective under the statute. No such "special permission" appears from the record in this court, but on the contrary it appears that no such "special permission" was given. Under these circumstances and the express provisions of the statute, we are constrained to affirm the trial judge in refusing to grant the discharge of the prisoner.

*Judgment affirmed. Marshall and McMurray, JJ., concur.*

SUBMITTED JULY 6, 1976 — DECIDED SEPTEMBER 10, 1976.

Jimmy Hatfield, *pro se.*

*Dewey Hayes, District Attorney, C. Deen Strickland, M. C. Pritchard, Assistant District Attorneys,* for appellee.