## 56642. SHIRLEY v. THE STATE.

BIRDSONG, Judge.
Perry Leon Shirley was convicted by a jury of the crimes of rape and kidnapping. His motion for new trial was denied, and he now appeals, enumerating eight

alleged errors. *Held:*

1. In Enumerations 1, 2, 3, and 5, Shirley contends that the evidence does not support the charges because the victim willingly accompanied him and consented to the admitted acts of intercourse. There was evidence that appellant threatened to use a pistol if the victim did not accompany him and she explained her lack of outcry and minimal resistance to the fear of death from the pistol. Shirley denied using or displaying a pistol and emphasized the lack of outcry and resistance as evidence of consent.

We will not speculate as to what evidence the jury chose to believe or disbelieve; on appeal this court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict. *Wren v. State,* 57 Ga. App. 641, 644 (196 SE 146); *Mills v. State,* 137 Ga. App. 305, 306 (223 SE2d 498). Where the testimony of the state and that of the defendant are in conflict, the jury is the final arbiter (*Crews v. State,* 133 Ga. App. 764 (213 SE2d 34); *Sims v. State,* 137 Ga. App. 264 (223 SE2d 468)), and after the verdict is approved by the trial judge the evidence must be construed so as to uphold the verdict even where there are discrepancies. *Glover v. State,* 237 Ga. 859, 860 (230 SE2d 293); *Boatright v. Rich's,* 121 Ga. App. 121 (173 SE2d 232). The evidence here did not demand a verdict in the defendant's favor and was of sufficient quantity and quality to support the jury's conviction. *Jones v. State,* 141 Ga. App. 17, 18 (232 SE2d 365). The enumerations of error on the general grounds are without merit.

2. In Enumerations of error 4 and 7, appellant complains that the trial court erred in allowing certain leading questions, admitting hearsay evidence and thereafter denying a motion for mistrial in relation to the admission of the hearsay evidence. As to the allegedly leading question the question was of a preliminary nature and the answer called for was otherwise testified to fully by the witness without objection. The asserted hearsay evidence was stricken by the trial court and curative instructions given to the jury. Neither of the assertions of error has merit. See *English v. State,* 234 Ga. 602, 603 (2) (216 SE2d 851) as to the leading question, and *Osteen v.*

*State,* 83 Ga. App. 378, 381 (63 SE2d 692) and *Jones v. State,* 139 Ga. App. 643, 644 (229 SE2d 121) as to the denial of the motion for mistrial.

3. In Enumerations 6 and 8, appellant urges that the trial court erred in allowing evidence of an earlier alleged rape involving Shirley and in failing to tell the jury that such evidence could not be considered in determining guilt. Appellant's arguments are not persuasive. The earlier offense occurred under circumstances very similar to those accompanying the offense for which the appellant was convicted. Each offense occurred during the early morning hours, a young woman walking alone was accosted by the defendant, threatened with a gun and forcibly violated near the side of the road.

There are exceptions to the "other crimes" rule, and these exceptions have been liberally extended in cases of sexual crimes. *Sudlow v. State,* 140 Ga. App. 146, 147 (230 SE2d 106). In many such cases, the issue turns into a swearing match between the victim and the accused as to consent. In such a case, the existence of a deviant sexual attitude remains the only issue in the case; the likelihood of harm that the defendant has been wrongfully accused is overbalanced by the necessity of determining behavioral patterns of the defendant. *Thomas v. State,* 234 Ga. 635 (217 SE2d 152). In this case there is sufficient logical connection between the two episodes of conduct by Shirley so that it can be said that proof of the earlier acts has relevance to show the likelihood of the commission of the latter. *Thomas v. State,* supra; *Lee v. State,* 8 Ga. App. 413 (69 SE 310). Under such circumstances, it is not error to allow evidence of the uncharged crime. *Smith v. State,* 142 Ga. App. 1, 3 (234 SE2d 816).

As regards the asserted failure to charge that such evidence cannot be considered to determine the question of guilt, initially we find no indication that appellant requested such a charge. Moreover, the charge is overly broad in scope and does not, standing alone, state a correct principle of law. Finally, the trial court gave full and complete instructions on the jury's consideration of the evidence, to which no objection was entered. For any one of the above reasons, it was not error for the trial court to fail to give the additional limiting charge. See *Lewis v.*

*State,* 196 Ga. 755, 760 (3) (27 SE2d 659); *McFarland v. State,* 109 Ga. App. 688 (137 SE2d 308); *Bass v. State,* 237 Ga. 710, 711 (229 SE2d 448).

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED OCTOBER 10, 1978 — DECIDED OCTOBER 30, 1978 — REHEARING DENIED NOVEMBER 14, 1978 — 

*E. B. Shaw,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Dean R. Davis, Assistant District Attorneys,* for appellee.