60558. HUCKEBA v. THE STATE.

CARLEY, Judge.

In separate accusations, appellant was charged with public indecency on three different dates in violation of Code Ann. § 26-2011, to wit: September 17, 1979 (Case No. 79D-3590); October 16, 1979 (Case No. 79D-4025); and November 28, 1979 (Case No. 79D-4436). All three cases were called for trial on January 30, 1980 in the State Court of Gwinnett County. Appellant successfully moved for a continuance in Case No. 79D-4436 involving the November 28, 1979 incident. Appellant was tried on the other two charges, found guilty, and the court imposed a 12-month sentence in each case. Appellant appeals from the judgments and sentences entered on the jury verdict.

1. Appellant asserts as error the failure of the trial court to acquit him of the charge in Case No. 79D-3590, arguing that two regular terms of court at which juries were impaneled and qualified to try him had convened and adjourned subsequent to his demand for trial on that particular charge.

Code Ann. § 27-1901 provides: "Any person against whom a true bill of indictment is found for an offense not affecting his life may demand at either the term when the indictment is found, or at the next succeeding regular term thereafter, a trial; or, by special permission of the court, he may at any subsequent term thereafter demand a trial. In either case the demand for trial shall be placed upon the minutes of the Court. If such person shall not be tried when the demand is made, or at the next succeeding regular term thereafter, provided at both terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment."

The legislative act re-creating the State Court of Gwinnett County provides for monthly terms beginning on the fourth Monday of each month. Ga. L. 1977, p. 3334, Section 5. It appears without contravention that a term of court began on September 24, 1979, on October 22, 1979, on November 26, 1979, on December 24, 1979, and January 28, 1980. For the purposes of this decision, these terms are referred to as the September, October, November, December and

January Terms, respectively.

A review of the record reveals that the accusation in Case No. 79D-3590 was filed on October 8, 1979 — during the September 1979 Term of court. The right to make a demand for trial applying equally when the defendant is charged by accusation (*Fisher v. State,* 143 Ga. App. 493 (238 SE2d 584) (1977)), appellant had the right, without the necessity of obtaining "special permission of the court," to file a demand for trial during the term of the accusation — the September 1979 Term — or the next succeeding regular term — the October 1979 Term. The record further reveals that two demands for trial were made: A demand for *jury* trial, commonly referred to as a "pink slip" demand, was filed on November 1, 1979 — during the October 1979 Term. Subsequently, on November 26, 1979 appellant made a formal demand for trial at the present (November 1979 Term) or at the next term of court (December 1979 Term), pursuant to Code Ann. § 27-1901.

On appeal appellant relies upon both demands in support of his contention that he should have been acquitted when he was not tried until the January 1980 Term. While the "pink slip" demand for jury trial made during the October 1979 Term was timely and was sufficient to trigger the provisions of Code § 27-1901 (*Wallis v. State,* 154 Ga. App. 764 (270 SE2d 45) (1980); see also *Williams v. State,* 140 Ga. App. 505 (231 SE2d 366) (1976)), appellant waived his right to rely upon that demand by filing a subsequent formal demand for trial requesting that he be tried at the November 1979 Term or the next term of court. Assuming juries were impaneled and qualified to try appellant during both the October 1979 Term at which the "pink slip" demand was made and the succeeding November 1979 Term, appellant would have been entitled to acquittal if not tried before the expiration of the November 1979 Term. However, on November 26, 1979 (the first day of the November 1979 Term), appellant filed his formal demand requesting to be tried during the November 1979 Term "*or the next term of this Court.*" Thus, appellant, in effect, consented to extending his demand for trial until the next term of court after the November 1979 Term. See *Dublin v. State,* 126 Ga. 580 (55 SE 487) (1906); *Adams v. State,* 129 Ga. App. 839 (201 SE2d 649) (1973); *Walker v. State,* 89 Ga. 482 (15 SE 553) (1892); *Parker v. State,* 135 Ga. App. 620 (4) (218 SE2d 324) (1975).

Therefore, appellant's right to acquittal must stand or fall upon the demand for trial filed on November 26, 1979. As previously noted this demand was not filed during the term of the accusation or the next succeeding regular term and, therefore, required "special permission of the court." This demand for trial contains an order on the bottom portion, signed by the trial judge and reciting that the

demand was presented, was true, was allowed and directing that the demand be placed upon the minutes. In our view this evinces that the court granted appellant "special permission" within the meaning of Code Ann. § 27-1901. See *State v. McDonald,* 242 Ga. 487 (249 SE2d 212) (1978). Furthermore, the transcript reveals that the trial court denied appellant's motion for acquittal on the basis that two regular terms had not passed at which juries were impaneled and qualified to try appellant — not on the basis that the demand, itself, was untimely or filed without the court's permission. Compare *Newman v. State,* 121 Ga. App. 692 (175 SE2d 144) (1970). Without more, we are constrained to conclude that the court granted appellant "special permission" to file this demand.

Having determined that appellant's November 26, 1979 demand was proper and sufficient to trigger the provisions of Code Ann. § 27-1901, the only issue remaining for determination is whether before appellant was brought to trial on January 30, 1980, during the January Term, two regular terms of court had passed, at which juries were impaneled and qualified to try him. See, *Bush v. State,* 152 Ga. App. 598 (263 SE2d 499) (1979). The record reveals and the state concedes a qualified jury was impaneled at the time the demand was made — the November 1979 Term. However, the state contends that the following December 1979 Term was not a "regular term" of court, that no jury trials were held in the month of December as it was the holiday season, and that the only jury trials held during the December 1979 Term were civil jury trials which commenced on January 7, 1980. Thus, the state contends that appellant cannot rely upon the December 1979 Term as the second term contemplated by Code Ann. § 27-1901.

The record shows that during the December Term, which by statute was to have commenced on December 24, 1979, and to have concluded on January 27, 1980, no jury trials were in fact called until January 7, 1980, in what was termed the "December Adjourned Term," and only civil jury trials were held at this time. It is clear that this self-styled "December Adjourned Term" was actually a postponed "regular" term of court as distinguished from a "special" or "adjourned" term of court. See *McGinnis v. Ragsdale,* 116 Ga. 245, 246 (42 SE 492) (1902); *Worthington v. State,* 134 Ga. 261, 262 (67 SE 805) (1910); *Stripland v. State,* 115 Ga. 578, 580 (41 SE 987) (1902). In this case, the December Term was merely "postponed" until January 7, 1980 because of the holiday season. Once the December Term commenced on January 7, 1980, it ran until the January Term began — January 28, 1980. Furthermore, it appears that the civil jury cases tried during the December Term were a regular calendar of cases as opposed to a calendar of specially set cases.

Section 12 of the act re-creating the State Court of Gwinnett County entitled "Juries," provides in subsection (b), as follows: "For the trial of any case in the Superior Court of Gwinnett County or the State Court of Gwinnett County requiring the use of jurors, a jury pool is created. Jurors may be selected as prescribed by law by either the judges of the Superior court of Gwinnett County or the judges of the State Court of Gwinnett County to appear to be sworn and serve as jurors before either court..." Subsection (c) of Section 12 provides: "The jury, for the trial of all civil and criminal cases tried in the State Court of Gwinnett County, shall be composed of 6 members. Said trial jury shall be selected from a panel of 12 jurors. Each side in all civil actions being tried by a jury shall be entitled to 3 peremptory strikes from a such panel of 12, and the remaining 6 jurors shall serve as the trial jury. In all criminal matters being tried by a jury, the State shall be entitled to 2 peremptory strikes and the defendant shall be entitled to 4 peremptory strikes from such panel of 12 jurors, and the remaining 6 jurors shall serve as the trial jury." Ga. L. 1977, p. 3336.

The aforestated provisions make it clear that no distinction exists between the panels of jurors chosen for civil and criminal trials in Gwinnett County. Therefore, we conclude that a jury impaneled and qualified to try civil cases during the "December Adjourned Term" of the State Court of Gwinnett County was also a jury impaneled and qualified (*DeKrasner v. State,* 54 Ga. App. 41 (1) (187 SE 402) (1936); *Campbell v. State,* 6 Ga. App. 539 (65 SE 307) (1909)) to try the appellant.

In summary we conclude as follows: Appellant filed a demand for trial, dated November 26, 1979, which, while out of time, was sanctioned by the court's grant of special permission. Appellant was not tried at the term when the demand was made, or at the next succeeding regular term thereafter. At both terms there were juries impaneled and qualified to try him. Thus, the trial court erred in failing to acquit and discharge appellant in Case No. 79D-3590.

2. Appellant also assigns as error the trial court's failure to grant his motion for severance of Case Nos. 79D-3590 and 79D-4025. In view of our ruling in Division 1 of this opinion, the motion to sever should have been mooted by the grant of the motion for acquittal in Case No. 79D-3590. However, under the facts of this case, the failure to sever Case No. 79D-3590 was not harmful error necessitating a new trial in Case No. 79D-4025.

In Case No. 79D-4025, the appellant was charged with public indecency on October 16, 1979. The prosecutrix testified that on that day she drove to a shopping center located in Lilburn, Georgia. She parked her car in the parking lot, exited, and proceeded to walk down the parking aisle toward the stores when a man pulled his car in front

of her and called out to get her attention. When she looked over, this man had exposed and was fondling himself. The prosecutrix positively identified appellant as the person who had thus exposed himself. Appellant not only denied exposing himself but also denied being at this particular shopping center on the day in question and denied having seen the witness.

In Case No. 79D-3590, the victim testified that on September 17, 1979, she entered a Majik Market located in Lilburn, Georgia. After picking up a few items, the witness returned to the front of the store where she saw appellant, who was working in the store, leaning back against the cash register with his pants open exposing himself. The appellant was positively identified as the person who had thus exposed himself. Appellant admitted seeing the witness in the store on the day in question but denied the charge that he exposed himself.

The witness' testimony as to the allegations comprising Case No. 79D-3590, being evidence of a separate and distinct crime wholly independent from that of Case No. 79D-4025, would generally be considered irrelevant and inadmissible in the trial of the latter case. *Natson v. State,* 242 Ga. 618 (1) (250 SE2d 420) (1978); see also *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) (1952). However, there are exceptions to the general rule where there is sufficient logical connection between the two from which it can be said that proof of the one tends to establish the other. *Echols v. State,* 149 Ga. App. 620 (5) (255 SE2d 92) (1979); see also the dissenting opinion by Judge Townsend in *Hodges v. State,* 85 Ga. App. 617, 623-626 (70 SE2d 48) (1952).

In the instant case, the two conditions precedent to the admission of evidence relating to appellant's prior act of exposing himself in the Majik Market were met, to wit: First, the witness positively identified appellant as the perpetrator of the crime. Secondly, there was sufficient similarity between the incident at the Majik Market and the incident at the shopping center that proof of the former tends to prove the latter. See *Hamilton v. State,* 239 Ga. 72, 75 (235 SE2d 515) (1977). Once the identity of appellant was proven as the perpetrator of the crime in the Majik Market, testimony concerning that crime was admissible to show identity and criminal bent of mind. *State v. Johnson,* 246 Ga. 654 (272 SE2d 321) (1980).See *Shirley v. State,* 148 Ga. App. 96 (3) (251 SE2d 57) (1978).

Moreover, whether or not this testimony of the crime at the Majik Market was admissible when introduced, it was later admissible to rebut appellant's statement that he had never exposed himself to anyone before. *Favors v. State,* 145 Ga. App. 864 (244 SE2d 902) (1978); *Lumpkin v. State,* 151 Ga. App. 896 (262 SE2d 208) (1979). "Such testimony having been thus rendered admissible after

it was introduced, the error, if any, in its admission was cured." *Fuller v. State,* 197 Ga. 714, 718 (30 SE2d 608) (1944).

Appellant has failed to show any prejudice as a result of the trial court's denial of his motion to sever the two cases and, for the foregoing reasons, we believe that the evidence in Case No. 79D-3590 was admissible in the trial of Case No. 79D-4025. Thus, we conclude that the verdict and judgment in Case No. 79D-4025 must be affirmed.

*Judgment reversed in part and affirmed in part. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED MARCH 5, 1981 —

*Robert C. Sacks,* for appellant.

*Herbert T. Jenkins, Jr., Solicitor,* for appellee.