## 65824. MEADE v. THE STATE.

DEEN, Presiding Judge.

An agent of the Georgia Bureau of Investigation (GBI), posing as a drug distributor looking for a new source, contacted appellant through an informant and purchased from him two hundred of what were represented as Quaalude pills. The agent testified at trial that during the course of the transaction he had indicated to appellant that if the initial quantity purchased proved satisfactory, he would be interested in purchasing several thousand additional tablets, and had inquired regarding the availability and price for a large-volume purchase. Appellant assured him that he could obtain any quantity desired and agreed to inquire of his source regarding price. At the time of delivery of the 200 pills appellant relayed the information the

agent had requested and agreed to fill any future orders at a profit of five cents per tablet. A forensic chemist on the staff of the Georgia Crime Laboratory testified that the 200 tablets delivered contained not methaqualone, the active ingredient in Quaaludes, but diazepam, another controlled substance which bootleg drug producers frequently substitute for the former.

After indictment for violation of the Georgia Controlled Substances Act, OCGA § 16-13-1 et seq. (Code Ann. § 79A-801 et seq.), appellant testified at trial that he had occasionally purchased drugs as a favor to friends who "needed" them but had received no profit from the transactions. He raised the defense of entrapment, contending that he had been intimidated by the informant, who allegedly had a reputation for violent behavior. He was found guilty of the offense charged and given a six-year sentence. On appeal he enumerates as error that the verdict was contrary to the evidence, that the court erroneously denied his motion for a directed verdict of acquittal, and that the court further erred in admitting over objection evidence in rebuttal of his affirmative defense of entrapment. *Held:*

1. Sufficient competent evidence was adduced at trial to authorize the jury's verdict of guilty as charged. The testimony of the GBI agent and the forensic chemist was relevant and uncontroverted. This enumeration is therefore without merit.

2. The evidence did not authorize the granting of a directed verdict. A directed verdict of acquittal is authorized only when "there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal . . ." OCGA § 17-9-1(a) (Code Ann. § 27-1802). Although the denial of a motion for a directed verdict of acquittal is reviewable on appeal, *Bethay v. State,* 235 Ga. 371 (219 SE2d 743) (1975), it is the basis for reversal only when the evidence demands a verdict of not guilty. *Sims v. State,* 242 Ga. 256 (248 SE2d 651) (1978); *Cleveland v. State,* 155 Ga. App. 267 (270 SE2d 687) (1980); *Battle v. State,* 155 Ga. App. 541 (271 SE2d 679) (1980). Other than his own uncorroborated testimony, appellant offered no evidence whatsoever in refutation of that presented by the prosecution.

The entrapment defense which appellant attempted to raise was likewise unsupported by any evidence other than his own testimony that the informant had a reputation for violence, that the informant had uttered a threat during appellant's negotiations with the GBI agent, and that he had assumed that a bulge he allegedly observed beneath the agent's clothing was a gun. Moreover, the testimony of the agent, who was present during all stages of the transaction, was sufficient to rebut the defense of entrapment and to create an issue of fact for the jury. *McDonald v. State,* 156 Ga. App. 143 (273 SE2d 881)

(1980). This enumeration is also without merit.

3. The court did not err in permitting the GBI agent to testify in rebuttal of appellant's allegations regarding threats and intimidation. The state has the burden of presenting evidence in rebuttal of testimony offered in support of an affirmative defense. *Hall v. State,* 136 Ga. App. 622 (222 SE2d 140) (1978). Appellant's attempt to imply that some part of the transaction occurred outside the agent's presence, and thereby to discredit his testimony, was patently without merit. *McDonald v. State,* supra; compare *Robinson v. State,* 145 Ga. App. 17 (243 SE2d 257) (1978).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED FEBRUARY 25, 1983.

*Barry V. Smith,* for appellant.
*F. Larry Salmon, District Attorney, Stephen F. Lanier, Assistant District Attorney,* for appellee.