## 70029. LAWRENCE v. THE STATE.
### (330 SE2d 445)

DEEN, Presiding Judge.

On July 19, 1980, the appellant, Eloise Lawrence, was convicted of fraud in obtaining public assistance in excess of $500, for which she was sentenced to serve one year in prison, followed by four years' probation.

The appellant had first applied for aid to families with dependent children (AFDC) on July 14, 1971, at which time she indicated that Barbara Lawrence was her daughter and that there was no household income. In an affidavit of paternity, she identified James Smith as the father of the child. The application was approved on August 4, 1971, with the AFDC grant group consisting of the appellant and Barbara Lawrence. Medicaid eligibility was concomitant with the AFDC entitlement. The appellant's subsequent application for food stamps also was approved.

Redeterminations of eligibility for the public assistance were conducted every 6 months, and the appellant continued to receive the assistance for herself and Barbara Lawrence in varying amounts during the next several years. In mid-November 1978 the county department of family and children services discovered that the appellant was not really the child's mother, although she may be second cousin to the child. Because the appellant's kinship with Barbara Lawrence did not fall within the requisite degree of relationship, her AFDC case was terminated effective December 1978. Subsequently, the county department also discovered that the appellant had received Veteran's benefits during the entire time she had been on public assistance.

The appellant initially was indicted on October 1, 1979. The indictment (number 7172) alleged (a) that from August 1, 1971, through November 30, 1978, the appellant had fraudulently obtained public assistance in the amounts of $7,481 AFDC and $6,396 Medicaid payments by making a false statement, i.e., that she was the natural mother of Barbara Lawrence, and (b) that the appellant had fraudulently obtained $2,532 in food stamps by failing to disclose her receipt of Veteran's benefits.

During that October 1979 term of court, the appellant filed a demand for trial. In February 1980 the appellant was again indicted for essentially the same offense. (This second indictment, number 7263, alleged that the fraud occurred on February 15, 1976, and excluded the allegation about concealing receipt of Veteran's benefits.) The appellant also filed a demand for trial in connection with the second

indictment. The case brought to trial during the June 1980 term of court was based on indictment number 7172. *Held*:

The appellant contends, inter alia, that she was entitled to acquittal of the offense charged in indictment number 7172, because her demand for trial, made during the October 1979 term, had not been observed. OCGA § 17-7-170 (b) provides that if a defendant makes a demand for trial at the court term at which the indictment is found and that defendant is not tried "when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment . . ." Where a proper demand for trial has been made, acquittal results automatically by operation of law if the defendant has not been tried on the second term, provided qualified juries were impaneled and competent to try the case. *State v. King*, 164 Ga. App. 834 (298 SE2d 586) (1982); *Bishop v. State*, 11 Ga. App. 296 (75 SE 165) (1912). A defendant, of course, can subsequently waive this right, such as by requesting a continuance, but the state has the burden of showing that waiver. *Parker v. State*, 135 Ga. App. 620 (218 SE2d 324) (1975).

In the instant case, there were two indictments and two demands for trial. The demand for trial under the first indictment required trial in either the October 1979 or February 1980 terms of court, while the demand under the second indictment necessitated trial in either the February or June 1980 terms of court. It is undisputed that on February 19, 1980, the appellant waived the demand for trial, with regard to at least one of the indictments, by moving for a continuance. Upon the appellant's asserting the right to discharge when this case was brought to trial in the June 1980 term of court, the trial court accepted the state's position that the appellant had waived the demand for trial under both indictments.

The transcript of the pretrial motion hearing on February 19, 1980, however, does not support that finding. The case being called for trial at the time was identified as indictment number 7263. Moreover, in requesting the continuance, counsel for the appellant pointed out that the case could be continued until the June 1980 term of court, notwithstanding the demand for trial, because the June term was the second term of court pertinent to the demand. It is thus apparent that the appellant's request for a continuance on February 19, 1980, addressed only the case under the second indictment. There being no dispute that juries were impaneled and qualified during the October 1979 and February 1980 terms of Spalding County Superior Court, and the appellant not having waived her demand for trial under the first indictment, the appellant was entitled to acquittal on that first indictment. *Adams v. State*, 129 Ga. App. 839 (201 SE2d

649) (1973).

*Judgment reversed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 9, 1985.

*Mary M. Oliver*, for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, Paschal A. English, Jr., Assistant District Attorney*, for appellee.