72667, 72668. BARKLEY v. THE STATE (two cases).
(348 SE2d 122)

Deen, Presiding Judge.

In these companion cases Barkley appeals from the judgments of February 20, 1986, relative to his conviction on two separate indictments of violation of the Georgia Controlled Substances Act. Appellant was indicted June 4, 1985, and tried in February 1986. The three regular terms of the Superior Court of Spalding County are held in February, June, and October of each year. Barkley asserts that OCGA § 17-7-170 mandates that he should have been discharged and acquitted of the offenses charged because he filed demands for speedy trial on the last day of the July 1985 special session — or special term — but was not tried until the February 1986 term. He contends that the statute requires that since he was not tried during the October 1985 term, the next regular term after the filing of the demands, he should not have had to stand trial in either case. Held:

OCGA § 17-7-170 reads in pertinent part as follows: "(a) Any person against whom a true bill of indictment . . . is found . . . may enter a demand for trial at the court term at which the indictment . . . is found or at the next succeeding regular court term thereafter; . . . (b) If the person is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged. . . ."

Georgia courts have consistently construed the word "term" as it appears in the cited statute as meaning "regular term of court" and not "special term." In Stripland v. State, 115 Ga. 578 (41 SE 987) (1902), the Supreme Court held, at 580, that "the General Assembly ha[ving] by appropriate legislation fixed dates for the holding of regular terms, the right of discharge and acquittal under a demand for trial only becomes effective when the demand is made at a regular term of court as fixed by law. . . ." (Emphasis supplied.) In Buxton v. State, 253 Ga. 137 (317 SE2d 538) (1984), the court held, at 140: "Clearly this statute refers to regular terms of court, not special terms." Accord Hatfield v. State, 139 Ga. App. 535, 536 (228 SE2d 720) (1976).

The state contends that the demand for trial was filed during a

special term of court, and that appellant was properly tried within the two-term (*regular* terms) limit imposed by the statute. Appellant, however, contends that July 18, the date of the demand, fell within a special *session* of the June term, and not during a special *term*. Appellant cites *Dover v. Dover*, 205 Ga. 241 (53 SE2d 492) (1949), which holds that unless the trial court expressly declares a regular term adjourned, it continues until adjourned by operation of law at (or five days before) the commencement of the next regular term. See also OCGA § 15-6-19; *Marshall v. State*, 34 Ga. App. 434 (129 SE 665) (1925). This would mean, in the instant case, that the regular June term would not end until five days before commencement of the October term.

However, "[t]he judges of the superior courts may, in their discretion, hold special terms . . . when the business [of the court] requires it." OCGA § 15-6-20. The state contends that the demand was made during such a special term, and that OCGA § 17-7-170 therefore did not operate to require trial no later than the October term. "Under the law of this State the terms of the superior court which are authorized . . . are divided into three classes: regular, adjourned, and special terms. The law provides for the holding of [a specified number of] regular terms of the superior court in each county each year. . . . An adjourned term . . . is said to be held where the regular term has never been adjourned but the session has been continued. . . . A special term is a term called to convene after the adjournment of one regular term and before the time arrives for the holding of another regular term." *McGinnis v. Ragsdale*, 116 Ga. 245 (42 SE 492) (1902). See *Huckeba v. State*, 157 Ga. App. 795, 797 (278 SE2d 703) (1981).

In the instant case the "Demand by Accused for Trial," dated July 18, 1985, recites that it is being made "at this the term said indictment was found." The judge's attestation, headed "Spalding Superior Court, June Term 1985," acknowledges that the demand is "true" and is "allowed." We must conclude, therefore, that the demand was made during an extended — or special — *session* of the regular June term, and not during a special *term*. Not having been brought to trial within the statutorily mandated time, appellant should have been discharged and acquitted, pursuant to OCGA § 17-7-170.

*Judgments reversed. Benham and Beasley, JJ., concur.*

DECIDED JULY 16, 1986.

*Griffin E. Howell III*, for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, Paschal A. English,*

*Jr., Assistant District Attorney*, for appellee.