## 72943. WILSON v. THE STATE.
### (352 SE2d 189)

BEASLEY, Judge.

Wilson appeals from the convictions and sentences for violations of the Georgia Controlled Substances Act, OCGA § 16-13-30, and from the denial of his "Motion for Discharge and Acquittal."

1. Appellant contends that his motion should have been granted because he was not tried within two terms after demand, under OCGA § 17-7-170 (b).

The two regular annual terms of criminal court in Walker County Superior Court begin the first Monday in May and the first Monday in November. Wilson was indicted at the November 1984 term and filed a demand for trial on December 3. The November regular term of criminal court was held between November 26 and December 7, and a special term or session (it is not clear from the record) of criminal court was held between February 11 and 22, 1985. Throughout these periods there was a sufficient number of qualified jurors impanelled to try cases.

The next regular term of court began on May 6, 1985. A two-week civil trial term was held from May 6—16 for which the published calendar contained only civil cases. Again, there was a sufficient number of jurors impanelled.

On May 24, defendant and several other criminal defendants filed a motion challenging the grand and traverse juries and asking that the indictments be dismissed. After hearing the first matter, the trial court on June 5 held that the jury pool was defective and ordered that the impending two-week criminal trial term be cancelled. The jurors present for the May 6—16 civil trial term had been selected from the pool subsequently found defective.

Although no written order of cancellation was entered, the Board of Jury Commissioners was reconstituted following the court's action on June 5, and a new jury pool was selected. The process took until August 12 to complete. No jurors were impanelled between May 23 and the November 1985 regular term.

Defendant was reindicted on November 4, the first day of the November regular term, and rearraigned. The former indictments were nolle prossed on December 12, the day defendant filed his motion. A two-week civil trial term and a two-week criminal trial term were held and concluded on December 6. Defendant was not tried although there was a sufficient number of qualified jurors impanelled to try cases. No order of adjournment was entered regarding the Novem-

ber regular term, and two weeks of trials were held in January during which time the defendant was tried. Although the parties discuss the defendant's January 28th trial as being during this "special term," it is clear that inasmuch as the regular November term was never adjourned, the trial actually was during an "adjourned term," i.e., a special "session" of the November regular term and not a special "term." *Barkley v. State*, 179 Ga. App. 795 (348 SE2d 122) (1986). *McGinnis v. Ragsdale*, 116 Ga. 245 (42 SE 492) (1902). See OCGA §§ 15-6-19 and 15-6-20.

"[T]he word 'qualified,' as used in the statute [OCGA § 17-7-170 (b)], relates to the general qualifications of the panels, . . ." that is, "if the array is not subject to challenge." *Campbell v. State*, 6 Ga. App. 539, 541 (65 SE 307) (1909).

Thus, under the original indictment and demand, Wilson should have been tried by the May 1985 regular term of court, if there were impanelled and qualified jurors. However, trial was not possible in that term for two reasons. One, the jury pool was found to be defective, so these jurors were not qualified. Two, during this term Wilson challenged the grand and traverse juries, and this was not ruled on until after completion of the published trial calendar. By challenging the jurors, Wilson waived his right to trial during that term. *State v. Waters*, 170 Ga. App. 505, 508 (3) (317 SE2d 614) (1984). Consequently, taking into account the tolling of his demand for one term and the lack of qualified jurors in that interim term, Wilson was not entitled to discharge and acquittal for noncompliance with a demand for trial under OCGA § 17-7-170, as he was tried during a special session of the second regular term at which there were qualified jurors. See *Barkley v. State*, supra. See also *Hubbard v. State*, 176 Ga. App. 622 (337 SE2d 60) (1985); compare *Dean v. State*, 177 Ga. App. 678 (340 SE2d 647) (1986); *Edwards v. State*, 177 Ga. App. 557 (340 SE2d 229) (1986); *State v. McNeil*, 176 Ga. App. 323 (335 SE2d 728) (1985).

2. Appellant maintains it was error to deny a directed verdict of acquittal, which was based on the grounds that the state failed to rebut his defense of entrapment and failed to produce the confidential informant to rebut his testimony, as required by the circumstances.

At trial, Wilson stated that he did not deny the testimony of agents Parker and Harris. Parker testified that he never attempted to threaten or coerce Wilson to get him to sell drugs to him, that he did not bring up the subject of drugs first and give Wilson the idea of selling him the drugs, and that the confidential informant had been instructed about the perils of entrapment and not to get involved in such a situation of entrapment. Agent Harris testified that Wilson was not nervous or reluctant at all to carry out the drug transaction, that she did not initiate the transaction or put the idea in Wilson's mind, and that she did not threaten or coerce him in any manner to

make the sale. She further testified that there was no confidential informant involved in her purchase and that she was unaware of any promises made to any confidential informant in the case.

The agents' testimony further established that Wilson had made three drug sales to the agents within a two-week period with the confidential informant being present at only the first sale; that Wilson had handy a substantial amount of cash to make change; that he was familiar with the strengths of the various drugs; and that he gave discounts for purchasing larger quantities of pills.

Three distinct elements constitute the defense of entrapment in Georgia, one of which is the lack of predisposition to commit the crime. It is the key element. *Keaton v. State*, 253 Ga. 70, 72 (316 SE2d 452) (1984). See also *Pennyman v. State*, 175 Ga. App. 405, 407 (1) (333 SE2d 659) (1985).

Here, the agents' testimony indicated predisposition and thus the issue was properly a jury question, as in *Houston v. State*, 175 Ga. App. 881 (1) (334 SE2d 907) (1985). Moreover, as set out in that case, even the defendant's unrebutted testimony of the alleged misconduct does not mandate a directed verdict of acquittal unless it, with all reasonable deductions and inferences, demands a finding of entrapment.

Considering the circumstances, it was not mandatory that the confidential informant testify. See *Meade v. State*, 165 Ga. App. 556, 557 (2) (301 SE2d 912) (1983).

*Judgment affirmed. Deen, P. J., McMurray, P. J., Birdsong, P. J., Carley and Pope, JJ., concur. Banke, C. J., Sognier and Benham, JJ., dissent.*

BENHAM, Judge, dissenting.

I find myself in disagreement with the first division of the majority opinion, and since I believe that appellant's motion for discharge and acquittal should have been granted, I must file a dissent.

If a defendant charged with a non-capital felony enters a demand for trial in the term of court during which he was indicted or at the next succeeding term, he must be tried when the demand is made or at the next succeeding regular term thereafter, provided at both court terms there are juries impaneled and qualified to try him, or "he shall be absolutely discharged and acquitted of the offense charged in the indictment . . ." OCGA § 17-7-170 (b). The terms of court for the Superior Court of Walker County, where appellant was indicted, are statutorily set to commence on the first Monday of May and of November. OCGA § 15-6-3 (22) (D). Appellant was indicted during the November 1984 term of court and filed his demand for trial on December 3, 1984, during the court term at which the indictment was returned. It is undisputed that appellant was not tried during that

term of court and that there was a sufficient number of qualified jurors impaneled to try cases. During the next succeeding regular term, the May 1985 term, there was, again, a sufficient number of qualified jurors impaneled to try cases. These jurors heard only civil cases, since no criminal cases were heard during the May 1985 term. Appellant was finally tried and convicted during the November 1985 term of court.

Since appellant was not tried during the term of court during which he made his demand for trial or at the next succeeding regular court term thereafter, he was entitled to an automatic discharge and acquittal. OCGA § 17-7-170 (b); *Lawrence v. State*, 174 Ga. App. 518, 519 (330 SE2d 445) (1985). However, "the defendant may waive his right to such automatic discharge by some action on his part or on the part of his counsel . . ." (*Parker v. State*, 135 Ga. App. 620 (4) (218 SE2d 324) (1975)), but the burden is on the State to show the waiver. *Lawrence v. State*, supra. The majority in the case at bar holds that appellant waived his right to automatic discharge by filing a motion in which he sought dismissal of the indictments against him on the ground that the grand and petit juries were not selected in conformity with the law. While the record reflects that appellant did indeed file such a motion, it was never ruled on by the trial court. From the stipulation of facts entered into by appellant and the State, we can glean that, on May 17, 1985, several criminal defendants (appellant not among them) filed motions challenging the array of the grand and traverse juries, and a hearing on the motions was held on May 23, 1985. On June 5, 1985, the trial court granted the motions of the criminal defendants and dismissed the indictments against each defendant who had participated in the May 23 hearing, i.e., each defendant whose motion was filed on May 17. Appellant, however, did not file his motion until May 24, the day following the hearing. Thus, he was placed in a legal limbo: his motion was meritorious as evidenced by the dismissal of the indictments lodged against those whose motions were filed on May 17, but he was not granted that relief. Instead, he was forced to wait eight more months while the county replaced its defective system of juror pool selection.

While appellant did file a motion, the failure to try him in the November 1984 or May 1985 term was not due to appellant's motion. The failure of the trial court to conduct criminal trials during the May 1985 term was due to the ruling the trial court entered on the motions filed on May 17 by defendants other than appellant. This situation is analogous to that found in *State v. McNeil*, 176 Ga. App. 323 (335 SE2d 728) (1985). There, the defendant in a D.U.I. case made a demand for trial and filed a motion in limine seeking to preclude mention of breathalyzer test results. This court held that "if the motion in limine had been granted in McNeil's case resulting in an

appeal taken by the State, a waiver of his demand would have resulted." Id. at 326. In *McNeil*, the State removed the case from the trial calendar to await appellate resolution of the breathalyzer issue in a different case. In the case at bar, appellant's case was effectively removed from the trial calendar by the trial court's decision in another case, which resulted in the failure to hold criminal jury trials during the May 1985 term of court. The actions taken by others, not appellant, prevented him from being tried timely. The decision of the trial court to cancel further criminal trials during the May 1985 term "should not and does not act as a waiver of [appellant's] demand for trial." Id. at 326. Because I am of the opinion that appellant's motion for discharge and acquittal should have been granted, I would reverse the judgments entered against appellant.

I am authorized to state that Chief Judge Banke and Judge Sognier join in this dissent.

DECIDED DECEMBER 1, 1986 —
REHEARING DENIED DECEMBER 18, 1986 — 

*Glen M. Vey*, for appellant.
*David L. Lomenick, Jr., District Attorney, James D. Franklin, Assistant District Attorney*, for appellee.