A89A0610. PROO v. THE STATE.
A89A0673. LANDERS v. THE STATE.
A89A0674. KELLEY v. THE STATE.
A89A0675. McCULLOUGH v. THE STATE.
(384 SE2d 197)

BENHAM, Judge.

Appellants were all convicted of DUI. Their appeals have been consolidated because they all rely exclusively on the same defense and there are no other issues involved in these appeals.

The essence of the position taken by appellants is that the legislature, in the 1988 amendment to OCGA § 40-6-391, repealed the prohibition against driving under the influence of alcohol. We do not find the legislature's language susceptible of the interpretation appellants have placed on it, but even assuming it to be ambiguous in meaning, application of the rules of statutory construction mandates an interpretation at odds with appellants' reading of the statute.

Prior to the 1988 amendment, the statute read as follows: "(a) A person shall not drive or be in actual physical control of any moving vehicle while: (1) Under the influence of alcohol; (2) Under the influence of any drug to a degree which renders him incapable of driving safely; (3) Under the combined influence of alcohol and any drug to a degree which renders him incapable of driving safely; or (4) There is 0.12 percent or more by weight of alcohol in his blood. (b) The fact that any person charged with violating this Code section is or has been legally entitled to use a drug shall not constitute a defense against any charge of violating this Code section."

After the amendment (Ga. L. 1988, p. 1893, § 2), the statute read as follows: "(a) A person shall not drive or be in actual physical control of a moving vehicle while: (1) Under the influence of alcohol to the extent that it is less safe for the person to drive; (2) Under the influence of any drug to the extent that it is less safe for the person to drive; (3) Under the combined influence of alcohol and any drug to the extent that it is less safe for the person to drive; or (4) The person's alcohol concentration is 0.12 grams or more at any time within three hours after such driving or being in actual physical control from alcohol consumed before such driving or being in actual physical control ended. (b) The fact that any person charged with violating this Code section is or has been legally entitled to use a drug shall not constitute a defense against any charge of violating this Code section; provided, however, that such person shall not be in violation of this Code section unless such person is rendered incapable of driving safely as a result of using a drug other than alcohol which such person is legally entitled to use."

"In all interpretations of statutes, the courts shall look diligently for the intention of the General Assembly, keeping in view at all

times the old law, the evil, and the remedy." OCGA § 1-3-1 (a). We find that one rule of construction sufficient to resolve the issue before us in these cases. In the preamble to the act by which the statute was amended, the General Assembly stated that its purpose was "to provide the extent to which a person must be under the influence of alcohol or drugs while operating a motor vehicle in order to be in violation of the law; to provide for an exception." Ga. L. 1988, p. 1893. Comparing the old statute to the new, it is apparent that the legislature's intent was to make uniform the standards for different types of intoxication, i.e., to apply the "less safe" standard to both alcohol and drug intoxication. At the same time, the legislature clearly intended to make an exception for those persons whose intoxication is due to the ingestion of some legally possessed drug other than alcohol. That intent is reflected in the language of subsection (b). While subsection (b) may have been made perfectly clear by specifying that it applies to persons charged with violating subsection (a) (2) ("Under the influence of any drug . . . ") or (a) (3) ("Under the combined influence of alcohol and any drug . . . "), and not to persons charged with violating subsection (a) (1) ("Under the influence of alcohol . . . "), we find it clear enough as written to permit us to discern the legislature's intent.

" 'It is the duty of the court to consider the results and consequences of any proposed construction and not so construe a statute as will result in unreasonable or absurd consequences not contemplated by the legislature.' [Cits.]" *Barton v. Atkinson*, 228 Ga. 733, 739 (187 SE2d 835) (1972). To adopt appellants' proposed construction of the statute would result in the absurd consequence of repealing the statutory prohibition against driving under the influence of alcohol in the same act in which the legislature established the extent of such influence necessary to make driving illegal. As was pointed out in the excellent amicus curiae brief filed by the Attorney General on behalf of the Georgia Department of Public Safety, if the legislature had chosen to make drunk driving legal, it would not have gone to the trouble of revising the language of subsection (a) (1) while simultaneously rendering it void.

In sum, the intent of the legislature in amending OCGA § 40-6-391 was clearly not the repeal of criminal sanctions for driving under the influence of alcohol. Appellants' defense based thereon was properly rejected by the trial court.

Although appellants have contended in one enumeration of error that the statute, as amended, is unconstitutional, that argument, as to each case, either was not raised in the trial court or was waived by stipulations that the only issue on appeal would be that of statutory construction.

*Judgments affirmed. Deen, P. J., and Birdsong, J., concur.*

Decided June 20, 1989 —
Rehearing denied July 7, 1989.

Cramer, Weaver & Edwards, Christopher C. Edwards, for appellant (case no. A89A0610).

Virgil L. Brown & Associates, Virgil L. Brown, for appellants (case nos. A89A0673, A89A0674, A89A0675).

John T. Newton, Jr., Solicitor, for appellee.