A90A1914, A90A1915. PROVEAUX v. THE STATE (two cases).
(401 SE2d 12)

DEEN, Presiding Judge.

Winston F. Proveaux appeals from his conviction of D.U.I. The evidence showed that Proveaux was driving his pick-up truck when he was stopped at a roadblock operated by the Georgia State Patrol. A trooper approached appellant's vehicle, smelled alcohol on his breath, and noticed his bloodshot eyes and slurred speech. Proveaux took and failed an alcosensor test administered by the trooper, and admitted to the officer that he had consumed three beers. An Intoximeter-3000 test was administered at the Spalding County Sheriff's Department and registered .16 grams percent.

1. Appellant first contends that the trial court improperly overruled his plea in bar. He filed a demand for a speedy trial on March 21, 1989, and was tried on July 17-18, 1989.

OCGA § 17-7-170, which implements the speedy trial provisions of the Georgia Constitution (Art. I, Sec. I, Par. XI), requires that the State try the accused at the term of court at which the demand is filed or the next regular term thereafter. If the State fails to try the defendant within these two terms of court, the accused "shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation." The practice and procedure rules for the state courts as set forth in OCGA § 15-7-43 (b) incorporate by reference the speedy trial provisions of OCGA § 17-7-170. Majia v. State, 174 Ga. App. 432, 433 (330 SE2d 171) (1985), aff'd 254 Ga. 660 (333 SE2d 834) (1975).

The State Court of Spalding County has four terms of court each year, which begin the first and second Mondays in March, the third and fourth Mondays in May, the first and second Mondays in August, and the first and second Mondays in November. Ga. L. 1980, pp. 3048, 3049. "The regular terms of the superior and state courts shall continue until the commencement of the next regular term, at which time they shall stand adjourned." OCGA § 15-6-19. An extra trial week scheduled during a term of court does not create a new term of

court because terms of court are created by statute. A special term is one that is called after the adjournment of a regular term and before the time for the next regular term. *McGinnis v. Ragsdale*, 116 Ga. 245 (42 SE 492) (1902). The state courts are required to conduct all trials on the merits at "trial terms regularly prescribed by local laws . . . creating the individual courts."

Appellant filed his demand for speedy trial on March 21, 1989. He was not tried during the March term, and claims that he was tried at a special term of the court because his case was not called to trial until June 17, 1989. We disagree. The May term of court did not end until the first Monday in August (August 7, 1989). The trial court's order indicates that appellant was tried prior to the second term of court, as required under *Wilson v. State*, 181 Ga. App. 337, 338 (352 SE2d 189) (1986). We find no error.

2. There is no requirement that the trial court allow a direct appeal from a frivolous and dilatory plea in bar. *Rielli v. Oliver*, 170 Ga. App. 699, 700 (318 SE2d 173) (1984). Here, as in *Rielli*, the trial court's order contained a specific determination that the plea was frivolous and dilatory. We find no fault with the trial court's ruling.

3. In his third enumeration of error, appellant contends that the trial court erred in overruling his plea in bar, which was based on the provisions of OCGA § 40-6-391 (b). He argues that OCGA § 40-6-391 (h) repeals OCGA § 40-6-391 (a) (1), (3) and (4) and challenges the constitutionality of OCGA § 40-6-391, alleging that it is void for vagueness.

Appellant's repeal argument has been decided adversely to his position in *Proo v. State*, 192 Ga. App. 169 (384 SE2d 197) (1989). The court in *Proo* found that the intent of the legislature in amending OCGA § 40-6-391 was not to repeal the criminal sanctions for driving under the influence of alcohol.

As for appellant's constitutional challenge to the statute in question, it will not be considered. An enumeration of error may not be enlarged by brief on appeal to cover a ground not contained in the enumeration. *Scott v. State*, 193 Ga. App. 577, 579 (388 SE2d 416) (1989).

4. Appellant also asserts as error the trial court's admission into evidence of his statement to the arresting officer that he had consumed three beers. This statement was elicited when the officer first approached appellant's vehicle and smelled alcohol on Proveaux's breath. The question as to whether appellant had been drinking was posed by the trooper prior to asking him to get out of his truck, and there was no objection to it at trial. Objections to evidence which are not raised at trial will not be considered on appellate review. *Tyner v. State*, 193 Ga. App. 126 (387 SE2d 50) (1989).

*Judgments affirmed. Pope and Beasley, JJ., concur.*

DECIDED OCTOBER 30, 1990 —
REHEARINGS DENIED NOVEMBER 14, 1990 AND DECEMBER 18, 1990 —

*Virgil L. Brown & Associates, Virgil L. Brown,* for appellant.
*John T. Newton, Jr., Solicitor, Griffin E. Howell III, Assistant Solicitor,* for appellee.