A89A0816. ROBBINS v. THE STATE.
(387 SE2d 18)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of driving under the influence and possession of less than one ounce of mari-

juana. Before judgments of conviction and sentences were entered on the jury's guilty verdicts, appellant filed a motion in the trial court for permission to file an "extraordinary appeal." The trial court granted this motion, extending to appellant "the right to file an extraordinary appeal to the appellate courts of this State to determine the appropriateness of [the trial court] entering its judgment . . . ." Pursuant to this grant of his motion for an "extraordinary appeal," appellant has filed this direct appeal to this court.

There is no authority for the trial court to grant an appellant the right to file an "extraordinary appeal" to determine whether or not judgment should be entered in a case. The Appellate Practice Act provides, in relevant part, that appeals may be taken from "[a]ll final *judgments*, that is to say, where the case is no longer pending in the court below. . . ." (Emphasis supplied.) OCGA § 5-6-34 (a) (1). This case is pending in the trial court *until* such time as the trial court enters its judgment of conviction and sentence on the jury's verdicts of guilt. See *Crolley v. State*, 182 Ga. App. 2 (1) (354 SE2d 864) (1987). There being no final judgment of the trial court from which appellant can bring a direct appeal, it follows that this unauthorized premature appeal must be dismissed.

*Appeal dismissed. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 25, 1989.

*H. J. Thomas, Jr.*, for appellant.
*Daniel W. Lee, Solicitor*, for appellee.