## S99G0684. CLARK v. THE STATE.
### (520 SE2d 694)

THOMPSON, Justice.

Two uniform traffic citations were issued against Clark and filed in the State Court of Cobb County during the May 1997 term of court.[1] The state filed an accusation against Clark for the same charges during the July term of court. Thereafter, during the September term, Clark filed a demand for trial pursuant to OCGA § 17-7-170. Juries were impaneled and qualified to try Clark during the September and November terms. Clark moved for discharge and acquittal in the January term. The trial court denied the motion, ruling that Clark failed to fulfill the requirement that his demand be filed at the term at which the "accusation," i.e., the uniform traffic citation, was filed, or the next succeeding term, or thereafter by special permission of the court. See OCGA § 17-7-170 (a). The Court of Appeals affirmed. *Clark v. State,* 236 Ga. App. 130 (510 SE2d 616) (1998). We granted a writ of certiorari to determine whether Clark's demand for a speedy trial was filed in a timely fashion.

In *State v. Gerbert,* 267 Ga. 169 (475 SE2d 621) (1996), the state filed a uniform traffic citation charging Gerbert with driving under the influence and he filed a demand for a speedy trial during the same term of court. During the next term, the state filed a formal accusation. Because he was not timely tried in accordance with OCGA § 17-7-170, the trial court granted Gerbert's motion for discharge and acquittal. The Court of Appeals reversed, holding that Gerbert's speedy trial demand was premature because the formal accusation superseded the uniform traffic citation. We granted certiorari and, looking to the plain language of the relevant statutes,[2] held:

> the statutory right to demand a speedy trial of a traffic offense in state court attaches when the uniform traffic cita-

---

[1] The State Court of Cobb County has six terms of court each year, commencing in January. Each term is for two months.

[2] See OCGA § 17-7-170 (defendant may enter demand at the court term in which the accusation is filed, the next regular term, or later with permission of the court); OCGA § 40-13-1 (uniform traffic citation serves as accusation or other instrument of prosecution of the offense).

tion is filed with the court. If a court can adjudicate the charges in the citation without the filing of a formal accusation, then a defendant should be able to enter a speedy trial demand based solely on the citation. This holding presents a bright-line rule that fulfills the purpose of the speedy trial guarantee . . . . It is also consistent with the cases holding that the prosecution of a traffic offense, for statute of limitation purposes, begins when the state issues the uniform traffic citation.

Id. at 170-171.

The "bright-line rule" announced in *Gerbert* is salutary. As we pointed out in *Hayek v. State*, 269 Ga. 728, 730 (506 SE2d 372) (1998):

[B]asic principles of fundamental fairness and reciprocity require that an accused be allowed to assert a speedy trial demand once a UTC is filed with the court clerk. Otherwise, an accused traffic offender is left to guess whether his prosecution will proceed on the basis of the filed UTC, in which case his speedy trial demand must be asserted, or if the State intends to file a formal accusation at a later date, in which case a speedy trial should be forestalled.

The *Gerbert* rule is also logical because it is consistent with the notion that, when a prosecution is commenced via uniform traffic citation, a formal accusation for the same charges at a subsequent term of court is superfluous. *Smith v. State*, 207 Ga. App. 762 (429 SE2d 149) (1993); *Duncan v. State*, 193 Ga. App. 793 (389 SE2d 365) (1989); *Majia v. State*, 174 Ga. App. 432 (330 SE2d 171) (1985).

Keeping the rationale of *Gerbert* in mind, we are compelled to conclude that the filing of a uniform traffic citation triggers the time for the filing of a speedy trial demand — and that the clock does not start again simply because the state subsequently files a formal accusation *setting forth the same charges*. It follows that the Court of Appeals was correct in holding that Clark's demand for a speedy trial was not timely filed. Although Clark's demand was filed in the next term following the filing of the formal accusation, it was not filed in the next term following the filing of the uniform traffic citation.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 13, 1999 —
RECONSIDERATION DENIED OCTOBER 15, 1999.

*Virgil L. Brown & Associates, Bentley C. Adams III,* for appellant.

*Barry E. Morgan, Solicitor, Katherine L. Kissam, Jessica K. Moss, Assistant Solicitors,* for appellee.