A01A1320. JOHNSON v. THE STATE.
(554 SE2d 612)

MIKELL, Judge.

Jermaine Johnson appeals the denial of his motion for discharge and acquittal. Johnson was indicted on April 10, 2000, on a single count of trafficking in cocaine. At his arraignment on May 18, 2000, he filed the following "Motion to Demand for Trial": "COMES NOW JERMAINE JOHNSON, defendant in the above-styled case this the

term said indictment was found, and there being jurors and panel qualified to try such case at this time. The defendant makes this demand for trial and ask the same be placed on the minutes, and that he be tried at this term or the next term of this court." Walton County has four terms of court, beginning on the first and second Mondays in February, May, August, and November.[1] Johnson was not tried during either the May or the August term of court; he subsequently filed a motion for discharge and acquittal. The case was then set for trial on January 22, 2001, during the November term of court. However, on that date, a hearing was held on Johnson's motion. The court ruled that Johnson's "Motion to Demand for Trial" was insufficient to trigger the sanctions of OCGA § 17-7-170. The court further determined that even if the "motion" had been a valid demand for a speedy trial, no juries were qualified and impaneled to try Johnson when he filed the document or for the remainder of the May term, so the demand did not become effective until the August term. Thus, the court ruled that the setting of Johnson's trial during the November term of court was timely. We disagree and reverse.

1. OCGA § 17-7-170 provides:

> (a) Any person against whom a true bill of indictment . . . is filed . . . may enter a demand for trial at the court term at which the indictment . . . is filed or at the next succeeding regular court term thereafter. . . . (b) If the person is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged. . . .

In reviewing the trial court's ruling that Johnson's "Motion to Demand for Trial" was insufficient to invoke OCGA § 17-7-170, we turn to the standard recently announced in *Bennett v. State*:[2]

> In determining whether a defendant is entitled to the extreme relief of discharge and acquittal, the trial court must decide whether the defendant's "demand, considering both its caption and its text, can reasonably be construed as a demand for a speedy trial under the provisions of OCGA § 17-7-170." This Court holds that the minimum acceptable standard for such demand requires that the defendant's demand for trial be coupled with some other language that

---

[1] OCGA § 15-6-3 (2) (B).
[2] 244 Ga. App. 149 (534 SE2d 881) (2000).

places the State on reasonable notice that a speedy trial under the sanctions of OCGA § 17-7-170 is being invoked, i.e., a reference to trial at the next term, reference to a "speedy trial," use of the language of the Code, or reference to the Code section.[3]

Accordingly, the preliminary issue in this appeal is whether Johnson's "Motion to Demand for Trial" reasonably notified the state that he was seeking a speedy trial pursuant to OCGA § 17-7-170. We hold that although the demand was not a model of clarity, it met the minimal acceptable standard set forth in *Bennett*. The demand asserted that there were "jurors and panel qualified to try such case at this time" and demanded that Johnson be tried "at this term or the next term of court." Thus, the demand was coupled with two of the four possibilities specified in *Bennett*. It specifically referred to a trial at the next term, and it quoted other language from the Code section.

"[T]he emphasis of this Court's review has always been on whether the true nature of the pleading was apparent to all parties and was clearly presented for what it purported to be."[4] The absence of a citation to OCGA § 17-7-170 and the inclusion of the word "motion" were not fatal flaws in the document. The true nature of this pleading should have been apparent to the state. The trial court erred in holding otherwise.

We next address the issue of when Johnson's demand for trial became effective. OCGA § 17-7-170 provides that when a person makes a demand for speedy trial, he is entitled to be discharged and acquitted of the offenses charged if he is not tried during the term in which his demand for trial is made or at the next regular term, provided there were juries impaneled and qualified to try him at each of those terms. Where a "demand is filed during a term in which there is no jury impaneled to try the case, the time allowed by the two-term requirement does not begin to run until the term following that during which the demand was filed."[5]

In the case sub judice, the trial court ruled that the time did not begin to run until the August term. Initially, the court determined that by the time Johnson filed his demand on May 18, 2000, the trial court had excused the juries for the remainder of the May-July term. Accordingly, the trial court found that on that date, no jurors were impaneled and qualified to try Johnson. We take no issue with this ruling, but it does not end our inquiry.

---

[3] (Citations and emphasis omitted.) Id. at 150-151 (1).

[4] *Price v. State*, 245 Ga. App. 128, 133 (2) (b) (535 SE2d 766) (2000).

[5] (Citations and punctuation omitted.) *MacInnis v. State*, 235 Ga. App. 732, 734 (510 SE2d 557) (1998).

The transcript of the hearing held on the motion for discharge and acquittal reveals that 170 jurors were summoned for duty on June 19 pursuant to an order[6] issued by Judge Samuel D. Ozburn specially setting a death penalty trial to begin on that date. The order expressly "declares that there will be a *special criminal session* of the May term of Walton Superior Court commencing June the 19th." (Emphasis supplied.) Despite its clear language, the trial court concluded that Judge Ozburn's order created a special term of court pursuant to OCGA § 15-6-20 rather than a special session of the May term. A special term is one that is called after the adjournment of a regular term and before the beginning of the next regular term,[7] and it is excluded from the time in which a defendant must be tried pursuant to his speedy trial demand.[8] A special session held within a regular term, however, is not excluded. Here, Judge Ozburn clearly called a special session. There is no evidence in the record that the May term had been expressly adjourned. Moreover, it appears that a sufficient number of qualified jurors were impaneled on June 19. "[F]or felony cases pending in the superior court it would take the presence of a panel of forty-eight to fulfill the requirements of the statute."[9] We must conclude, therefore, that Johnson's demand for trial was made during a term in which there were qualified juries impaneled, a sufficient number of which were available to try his case. As he was not tried during the August term of court, the denial of his motion for discharge and acquittal must be reversed.

In so holding, we are mindful of the special needs associated with juries summoned for murder trials in which the state seeks the death penalty. We appreciate a trial judge's reluctance to interfere with a fellow jurist's death penalty trial. Nonetheless, it is apparent that the array summoned for June 19, after allowing for "no shows" and statutory exemptions, would have yielded a plentitude of jurors to try Johnson's case in accordance with his demand for trial, even after a jury with abundant alternates was impaneled for the murder trial. The enactments of our legislature bind this Court, and we are constrained to impose the extreme sanction mandated by OCGA § 17-7-170.

---

[6] The order is attached as an exhibit to the state's brief. Generally, attachments to briefs that were not also part of the record below are not considered on appeal. *Williams v. State*, 193 Ga. App. 677, 678 (388 SE2d 893) (1989). However, in this instance, a review of the hearing transcript reveals the contents of the order. Accordingly, we will consider it on appeal. Id.

[7] *McGinnis v. Ragsdale*, 116 Ga. 245, 246-247 (42 SE 492) (1902); *Proveaux v. State*, 198 Ga. App. 119, 120 (1) (401 SE2d 12) (1990).

[8] *Barkley v. State*, 179 Ga. App. 795 (348 SE2d 122) (1986).

[9] (Punctuation and footnote omitted.) *Kirk v. State*, 194 Ga. App. 801, 802 (392 SE2d 249) (1990).

2. Johnson assigns error to the trial court's failure to enter a final order on the state's petition to modify/revoke his probation. However, the absence of a final, appealable order gives this Court nothing to review.[10] In any event, the probation revocation proceeding is a separate matter over which this Court currently lacks jurisdiction.

3. Johnson's remaining enumerations of error, addressing the denial of his motion to suppress and certain discovery motions, are rendered moot by our holding in Division 1.

*Judgment reversed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED SEPTEMBER 7, 2001.

*Franklin & Hubbard, William F. Holbert, Ralph J. Hunstein,* for appellant.

*W. Kendall Wynne, Jr., District Attorney, Eugene S. Hatcher, Jr., Assistant District Attorney,* for appellee.

