A01A2293. VONSLEP v. THE STATE.
(560 SE2d 752)

BLACKBURN, Chief Judge.

Phyliss A. Vonslep appeals the denial of her motion for discharge and acquittal, claiming that the trial court erred in denying the motion: (1) because her case was never called, reached, or scheduled during the two terms of court during which her demand for speedy

trial was pending; (2) by characterizing her counsel's signing of an acknowledgment of on-call status and notice of new court date as an affirmative consent to reset her case outside the term of court and a waiver of her speedy trial demand; and (3) by requiring that she stand ready for trial for the entire two terms of court during which the demand was pending without filing any leaves or conflicts pursuant to Uniform Superior Court Rule 17.1. For the reasons set forth below, we affirm.

1. Appellant first argues that the trial court erred in denying her motion for discharge and acquittal because her case was never called, reached, or scheduled for trial during the entire two terms of court during which her demand for speedy trial was pending. OCGA § 17-7-170 (a) allows a defendant to "enter a demand for trial at the court term at which the indictment or accusation is filed or at the next succeeding regular court term thereafter." OCGA § 17-7-170 (b) further provides that "[i]f the person is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation." The right to automatic discharge is not, however, absolute.

> The defendant may waive his right to such automatic discharge by some action on his part or on the part of his counsel. *Any affirmative action* of the defendant which results in a continuance of the case, or a failure to try it within the time fixed by the statute after the filing of a demand, has the effect of tolling the time. A waiver of the demand would result from a continuance granted on the motion of the accused, or *from any other act on his part showing affirmatively that he consented to passing the case until a subsequent term.*

(Punctuation omitted; emphasis in original.) *Ballew v. State.*[1]

Vonslep was issued citations for improper turn and for driving under the influence on August 25, 2000. She appeared in Division II of Cobb County State Court on September 28, 2000, pled not guilty, and requested a jury trial. Because Division II does not impanel juries, Vonslep was assigned a case number and given a new arraignment date of November 16, 2000, in Division I of Cobb County State Court, which impanels juries. On October 20, 2000, she filed a demand for jury trial and a demand for a speedy trial pursuant to OCGA § 17-7-170. Her filing of the demand for speedy trial required

---

[1] *Ballew v. State*, 211 Ga. App. 672, 673 (440 SE2d 76) (1994).

that she be tried either in the September Term, which ran from September 11, 2000, to November 12, 2000, or in the November Term, which ran from November 13, 2000, to January 7, 2001, provided that neither she nor her counsel had acted in any way which would show affirmatively that she consented to passing the case until a subsequent term. On that same date, Vonslep's counsel also filed a notice of leave of absence. Vonslep appeared for arraignment on November 16, 2000, and pled not guilty. Her case was set for a motions hearing on January 3, 2001, and for calendar call on January 29, 2001, her attorney signing the waiver of formal arraignment and notice of return. Vonslep's counsel requested a continuance from the January 3, 2001 criminal motions calendar, reserving all motions until the time of trial.

On March 12, 2001, Vonslep filed a motion for discharge and acquittal. A hearing was held on the motion on April 30, 2001. Following that hearing, the court issued an order denying the motion. The court found that counsel's request for leave of absence, which reduced his availability for trial to eight days in the two terms, "completely eroded the State's ability to call in Defendant's case for trial within the two terms available" and thus waived Vonslep's right to automatic discharge and acquittal. We agree, and the trial court did not err in denying the motion. See *State v. Davis*;[2] *Jones v. State.*[3]

2. Vonslep also argues that the trial court erred in denying her motion on the ground that her right to automatic discharge and acquittal was waived by counsel's consent to reset the trial outside the term of court. The trial court held that by placing the case in on-call status, announcing ready for trial, and agreeing to reset new court dates during the period after the speedy trial demand had expired, Vonslep waived her right to automatic discharge and acquittal. We found in Division 1 that counsel's actions during the two terms constituted evidence of an intent to avoid trial. "A trial court's judgment, right for any reason, will be affirmed. [Cit.]" *Gwinnett Place Assoc. v. Pharr Engineering.*[4] Because we hold that the trial court did not err in denying Vonslep's motion for discharge and acquittal on that ground, "we need not consider [her] other enumeration addressed to the alternative ground relied upon by the trial court." Id.

3. Finally, Vonslep argues that the trial court erred in denying her motion for discharge and acquittal by requiring that she stand ready for trial for the entire two terms of court during which the

---

[2] *State v. Davis*, 243 Ga. App. 867, 868 (534 SE2d 159) (2000).

[3] *Jones v. State*, 250 Ga. App. 829 (553 SE2d 24) (2001).

[4] *Gwinnett Place Assoc. v. Pharr Engineering*, 215 Ga. App. 53, 56 (2) (449 SE2d 889) (1994).

demand was pending without filing any leaves or conflicts pursuant to USCR 17.1. This enumeration of error concerns a comment made by the trial court at the hearing on Vonslep's motion. The trial court clearly set forth in its order the basis for its denial of Vonslep's motion, and the reasoning in the statement about which she complains neither found itself into the order of the court nor formed a basis for the court's denial of the motion. For this reason, and for the reason set forth in Division 2, this enumeration of error is without merit.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 21, 2002.

*George A. Stein, Margaret A. Reeves,* for appellant.

*Barry E. Morgan, Solicitor-General, Jessica K. Moss, Sandra G. Dawson, Assistant Solicitors-General,* for appellee.