A02A1000. BROOKS v. THE STATE.
A02A1001. MOON v. THE STATE.
A02A1002. BAUGHCUM v. THE STATE.
(571 SE2d 504)

MILLER, Judge.

The sole issue in all three appeals concerns the interpretation of statutory language setting forth the terms of court for Barrow County. OCGA § 15-6-3 (32) (B) states that those terms shall commence as follows: "Last Monday in January, first and second Mondays in February, second and third Mondays in August, and first and second Mondays in May and November." The question is whether this sets forth (1) nine terms of court with some terms lasting only a week or (2) four terms with the starting date of these terms being one of two or three dates. We find that based on the case law and legislative intent of the statute, there are four terms of court. We therefore affirm the trial court's denial of defendants' demands for discharge for failure to try their cases within two weeks of their trial demands.

Charged by indictment or accusation with noncapital offenses in Barrow County[1] and represented by the same attorney, defendants Brooks, Moon, and Baughcum each filed a demand for trial on October 26, 2001, and a demand for acquittal and discharge on December 5, 2001. They each claimed that Barrow County had a term of court beginning in August 2001 and ending on November 4, 2001, with the next term beginning on November 5 and ending on November 12.

---

[1] An accusation filed October 4, 2001, charged Brooks with DUI and failure to maintain lane. An indictment filed August 13, 2001, charged Moon with possession of marijuana with intent to distribute and possession of more than one ounce of marijuana. An accusation filed October 4, 2001, charged Baughcum with family violence battery (misdemeanor), simple battery, and disorderly conduct.

They showed that juries had been impaneled and qualified to try their cases during the weeks of October 29, 2001, and November 5, 2001. They argued to the trial court that inasmuch as they were not tried during the term in which they demanded trial nor in the one succeeding, they were entitled to discharge and acquittal under OCGA § 17-7-170 (b).[2]

On December 10, 2001, the trial court heard the motions and found that the term beginning on November 5 did not end on November 12 but continued to January 2002, and therefore the court denied the demands for discharge and acquittal as premature. All defendants appeal, arguing that the trial court erred in its determination that the Barrow County term of court beginning on the first Monday in November continued past the second Monday in November.

OCGA § 15-6-3 sets forth the terms of court for the superior courts of the various circuits. Regarding the Piedmont Circuit, OCGA § 15-6-3 (32) provides that the terms shall commence as follows:

(A) Banks County — First and second Mondays in April and October.

(B) Barrow County — Last Monday in January, first and second Mondays in February, second and third Mondays in August, and first and second Mondays in May and November.

(C) Jackson County — First and second Mondays in March and the second and third Mondays in September.

OCGA § 15-6-19 provides that "[t]he regular terms of the superior and state courts shall continue until the commencement of the next regular term, at which time they shall stand adjourned."

At issue here is the interpretation of the number and duration of the terms of court for Barrow County. Defendants claim that under the above language, Barrow County has nine terms of court, with the first two lasting a week, the third lasting nearly three months, the fourth lasting a week, the fifth lasting three months, the sixth lasting a week, the seventh lasting nearly three months, the eighth lasting a week, and the ninth lasting two and one-half months. On its face, this interpretation appears nonsensical, for there would be no logical reason to have so many and such wildly varying terms, with some terms lasting only a week and with others lasting two to three

---

[2] Under OCGA § 17-7-170 (a), a person indicted for or accused of noncapital offenses may demand trial at the court term at which the indictment or accusation is filed or at the next succeeding regular court term. If he is not tried at either term (provided that at both terms juries were impaneled and qualified to try him), "he shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation." OCGA § 17-7-170 (b).

months. Indeed, under this approach, Banks County and Jackson County would each have four terms, with two lasting a week and the other two lasting nearly six months. Therefore, in any of these counties where juries are impaneled during the relevant weeks, a trial demand filed on the Friday before the last week of a term (preceding one of the short week-long terms) would possibly mean that the State would have to try the defendant within the next two weeks or else allow him to be discharged. We are loath to reach such a construction.

The State would have us construe the statute to set forth four terms for Barrow County, with the February term beginning the last Monday of January and the first and second Mondays of February, the May term beginning the first and second Mondays of May, the August term beginning the second and third Mondays of August, and the November term beginning the first and second Mondays of November. Under this approach, each term would be approximately three months long. This interpretation makes more sense, as it avoids the absurd consequence of having week-long terms and of requiring lightning-quick trials. " *'It is the duty of the court to consider the results and consequences of any proposed construction and not so construe a statute as will result in unreasonable or absurd consequences not contemplated by the legislature.'* [Cits.]" (Emphasis in original.) *Gen. Elec. Credit Corp. of Ga. v. Brooks*, 242 Ga. 109, 112 (249 SE2d 596) (1978).

The legislative history of the statute comports with this latter interpretation. When enacted in 1941, the original act provided that "after the passage of this Act there shall be held in each year four terms of the Superior Court for the County of Barrow in the Piedmont Judicial Circuit of the State. . . . [T]he terms of said court shall be held on the third and fourth Mondays in February, May, August and November of each year." Ga. L. 1941, p. 607, §§ 1, 2. Although superseded by subsequent enactments, including the present statute as enacted in 1993 (Ga. L. 1993, pp. 805-806, § 1), this original act demonstrated the legislature's intent that commencing a term "on the third and fourth Mondays" in a particular month meant that it was still only one term, not two terms with one lasting only a week. The court could begin its term on either of those two Mondays. See *Davis v. State*, 221 Ga. App. 168, 169, n. 1 (471 SE2d 14) (1996) ("The terms of court in Newton County Superior Court commence on the second and third Mondays in January, April, July, and October pursuant to OCGA § 15-6-3 (2) (A). In practice, however, the terms appear to actually begin on the third Monday of these months.").

Case law describing court terms for other counties has consistently held that similar language means that there are four terms of court, not eight or nine. *Wade v. State*, 258 Ga. 324, 328 (9) (368 SE2d

482) (1988), held: "Newton County has four regular terms of court each year, beginning on the second and third Mondays in January, April, July and October. OCGA § 15-6-3 (2) (A)." See *McKnight v. State*, 215 Ga. App. 899, 903 (1) (453 SE2d 38) (1994), aff'd, *State v. McKnight*, 265 Ga. 701 (462 SE2d 142) (1995). *Buxton v. State*, 253 Ga. 137, 139 (4) (317 SE2d 538) (1984), held that Jeff Davis County has only three regular terms of court — March, September, and October, even though the March term begins on the first and second Mondays in March. See OCGA § 15-6-3 (7) (D). Citing OCGA § 15-6-3 (2) (B), *Johnson v. State*, 251 Ga. App. 489, 490 (554 SE2d 612) (2001), held: "Walton County has four terms of court, beginning on the first and second Mondays in February, May, August, and November." (Footnote omitted.) Accord *Groom v. State*, 212 Ga. App. 133 (441 SE2d 259) (1994) ("There are four terms of the Walton County Superior Court, in February, May, August and November. OCGA § 15-6-3 (2) (B).").

The above cases generally refer to a single term of court by the month in which the term begins, even though that term may begin on the "first and second" or "second and third" Mondays of that month. See, e.g., *Wade*, supra, 258 Ga. at 328 (9); *Johnson*, supra, 251 Ga. App. at 490. Similarly, when interpreting the statutory language setting forth Barrow County's court terms, *State v. Dukes*, 234 Ga. App. 343, 345 (1) (507 SE2d 147) (1998), referred to "the February term" as singular, not to multiple terms within February.

Thus, legislative history and prior cases have consistently interpreted similar language to refer *not* to multiple terms but to a single term beginning on alternative or joint dates within the month. This interpretation avoids the absurd result of having some week-long terms and some multi-month terms in the same county and of possibly requiring the State to try defendants within a two-week period of their trial demand. Accordingly, we agree with the trial court that Barrow County has four terms of court, and that the October 26 trial demands (filed during the August term) allowed the State until the end of the November Term (which continued to at least the last Monday in January) to try the cases. The court did not err in denying Brooks's, Moon's, and Baughcum's demands for discharge and acquittal, all of which were prematurely filed on December 5. See *Pope v. State*, 214 Ga. App. 458, 459 (2) (448 SE2d 54) (1994); *McIver v. State*, 205 Ga. App. 648, 649 (423 SE2d 27) (1992).

*Judgment affirmed in all three cases. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED SEPTEMBER 20, 2002 — ▮

*William D. Healan III*, for appellant.

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.