A03A2533. THE STATE v. SUMMAGE.

(597 SE2d 641)

SMITH, Chief Judge.

The State appeals from the trial court's order granting Kerwin Lamont Summage's motion for discharge and acquittal on speedy trial grounds. For reasons that follow, we reverse.

Although we review a trial court's findings as to disputed facts under a clearly erroneous standard, the trial court's application of the law to undisputed facts is subject to de novo review. See *Vansant v. State,* 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). Viewed in this manner, the record shows that on April 30, 1998, a Cobb County grand jury indicted Summage on two counts of child molestation. Summage did not file a demand for speedy trial.

On March 18, 1999, a grand jury re-indicted Summage. The first two counts of this indictment were identical to the original indictment. The indictment also added two new counts of child molestation and one count for cruelty to children in the first degree. On June 4, 1999, Summage timely filed a demand for speedy trial as to this second indictment.

On June 25, 1999, a jury found Summage guilty on Counts 1, 2, 4, and 5. Summage appealed. On March 12, 2001, this court reversed and remanded the case for a new trial. *Summage v. State,* 248 Ga. App. 559 (546 SE2d 910) (2001). The remittitur was filed in Cobb County Superior Court on April 16, 2001, thus obligating the State to try Summage during the March/April term, or the following May/June term, which ended on July 9. See *Henry v. James,* 264 Ga. 527, 531 (449 SE2d 79) (1994).

Summage fired several attorneys during the pendency of the appeal. Summage's current attorney, Brian Steel, filed a notice of appearance on May 24, 2001, more than a month after the remittitur was filed. On June 8, 2001, Steel filed an application for leave of absence from June 29, 2001 through July 13, 2001. On June 25, 2001, Steel revoked his application, and stated that he was ready for trial.

On July 13, 2001, four days following the end of the May/June term, Summage filed a motion for acquittal based on the State's failure to try him within two terms of court as required by OCGA

§ 17-7-170. Summage argued that he had properly and timely filed a demand for speedy trial, and that he had not been timely tried.

On August 1, 2001, the court heard argument regarding Summage's motion. The State argued that Summage did not file a demand as to the original indictment, and thus he had no valid demand in place as to the first two counts of the second indictment when he filed his demand as to the second indictment. The State also argued that Summage had waived his rights with respect to all counts in the second indictment because he had engaged in a pattern of delay by firing several different lawyers during the pendency of the appeal, and by his current counsel filing a leave of absence at the end of the term during which the State was obligated to try Summage pursuant to OCGA § 17-7-170.

In response, Summage argued that his failure to file a demand as to the original indictment did not bar him from filing a demand as to all charges in the second indictment. Summage's counsel also represented to the court that at all times he was prepared to go to trial, but that the case was never called during the prescribed time period. He admitted that he had filed a leave of absence, but stated that he revoked it upon realizing that the end of the term was near. The jury administrator for the Cobb County Superior Court testified that jurors were impaneled and qualified to try a criminal case during the term the remittitur was filed, as well as the following term.

On April 21, 2003, the trial court ordered Summage acquitted of all charges in the second bill of indictment pursuant to OCGA § 17-7-170. The trial court found that Summage was available for trial, did nothing to delay the trial, and that he had not been tried during the term in which the remittitur was filed or during the next term of court. The trial court's order does not mention the original indictment.

On appeal, the State sets forth two arguments. First, the State argues that Summage failed to file a timely demand for trial as to the original indictment, and thus he did not have a valid demand in place as to the first two counts of the second indictment (which, as noted earlier, were identical to the two counts of the original indictment) when he filed his demand as to the subsequent indictment. Second, the State argues that Summage's "manipulations" impaired the State's ability to try Summage within the time prescribed by OCGA § 17-7-170, and that he has thus waived his speedy trial rights with respect to all counts in the indictment.

1. Pursuant to OCGA § 17-7-170 (a),

[a]ny person against whom a true bill of indictment or an accusation is filed with the clerk for an offense not affecting the person's life may enter a demand for trial at the court

term at which the indictment or accusation is filed or at the next succeeding regular court term thereafter; or, by special permission of the court, he or she may at any subsequent court term thereafter demand a trial. . . .

OCGA § 17-7-170 (b) provides:

If the person is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try the person, the person shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation.

It is undisputed that Summage failed to make a speedy trial demand as to the original indictment, but that he timely filed a demand as to the second indictment. It is also undisputed that Summage never requested leave of court to file an out-of-time demand as to the original indictment. The record shows that jurors were present and available to serve during both relevant court terms. Nevertheless, Summage was not tried during the period prescribed by OCGA § 17-7-170, i.e., the term during which the remittitur was filed (the March/April term) or the next regular court term (the May/June term).

The State relies heavily on *Clark v. State*, 271 Ga. 519, 520 (520 SE2d 694) (1999). *Clark* involved two uniform traffic citations charging Clark with driving offenses. During the term of court following the term in which these citations were filed, the State filed an accusation and recharged Clark with the same offenses. Clark responded by filing a demand for speedy trial, without leave of court, during the next term of court. Although the State did not try Clark before the expiration of the prescribed time period, the trial court denied Clark's motion for discharge and acquittal because his demand for trial was filed after expiration of the term of court following the term in which he was originally charged in the uniform traffic citation. This court affirmed the judgment, as did the Supreme Court of Georgia. The Supreme Court reasoned that since the accusation merely recharged Clark with the same offenses, the accusation was superfluous to the case and did not restart the time during which Clark had the right to file a demand for trial. Id. The State argues that the same logic should apply in this case, i.e., that the second indictment was "superfluous" as to the first two counts of the original indictment, and that Summage thus did not have an absolute right to file a speedy trial demand as to these two counts.

Summage, on the other hand, argues that *Clark* does not apply because the formal accusation filed by the State in *Clark* after the

uniform traffic citation set forth the same charges with the same case number, and here there are separate indictments. Given that the first two counts of each indictment contain the identical charges, however, this is a distinction without a difference. Moreover, this court has squarely held that a speedy trial demand made on an original indictment, and adopted after re-indictment, is effective as to the repeated charges in the second indictment, but does not apply to new charges first appearing in the second indictment. *State v. Daniels*, 206 Ga. App. 443, 445 (2) (425 SE2d 366) (1992). It logically follows, then, that if a defendant fails to file a demand as to an original indictment, but later files a timely demand with respect to a re-indictment that adds additional charges, he waives his rights with respect to the repeated charges, but not as to the new charges.

Accordingly, we agree with the State that the trial court erred in granting Summage's motion with respect to Counts 1 and 2 of the second indictment.

2. We next reach the State's argument that Summage waived his demand with respect to the remaining counts contained in the second indictment. We have stated that

> *[a]ny affirmative action* of the defendant which results in a continuance of the case, or a failure to try it within the time fixed by the statute after the filing of a demand, has the effect of tolling the time. A waiver of the demand would result from a continuance granted on the motion of the accused, or *from any other act on his part showing affirmatively that he consented to passing the case until a subsequent term.*

(Citation, punctuation and footnote omitted; emphasis in original.) *Vonslep v. State*, 253 Ga. App. 881, 882 (1) (560 SE2d 752) (2002).

Counsel's application for leave filed on June 8, 2001 seeking leave from June 29 through July 13, 2001 became automatic when no one objected. USCR 16.1. That leave would have prevented the State from trying the defendant within the last ten days of the last term it could try the case, and the leave extended into the next term. Even though the attorney "revoked" his leave on June 25, he did so more than two weeks after he filed his application for leave, leaving only 14 days until the end of the term. The State argues that counsel's actions "affected the State's and the trial court's ability to schedule a trial before the end of the May/June 2001 term of court." As discussed above, our law states that if a defendant does *anything* showing consent to passing the case to another term, he waives his demand. *Vonslep*, supra. Through his attorney's petition for leave, Summage did just that — he consented to the passing of his case to the next term. We have stated that a petition for leave standing alone does not

necessarily translate to waiver of a speedy trial demand. See *Jones v. State*, 250 Ga. App. 829, 831 (553 SE2d 24) (2001), aff'd, 276 Ga. 171 (575 SE2d 456) (2003). But our conclusions in this case are not based on the simple fact that trial counsel applied for and automatically received a leave of absence. As discussed above, he consented to the passing of his case to the next term and then "revoked" his petition for leave late in the term, which impeded the trial court's scheduling ability. In light of these facts, we agree with the State that Summage was manipulating the judicial system and that the trial court should have denied his motion for discharge and acquittal on the remaining charges.

*Judgment reversed. Andrews, P. J., Johnson, P. J., and Adams, J., concur. Ruffin, P. J., Barnes and Miller, JJ., concur in part and dissent in part.*

RUFFIN, Presiding Judge, concurring in part and dissenting in part.

I fully concur with the majority as to Division 1. With respect to Division 2, however, I must respectfully dissent for the following reasons.

The State argues that the trial court erred in granting Summage's motion because his "manipulations," including his counsel's end-of-term leave of absence, impaired the State's ability to try Summage within the time prescribed by OCGA § 17-7-170.[1] The majority states that the timing of his counsel's revocation "impeded the trial court's scheduling ability." Certainly, however, the trial court is in the best position to determine whether its scheduling ability is being manipulated or impeded, and here the trial court evidently concluded that filing one leave of absence did not constitute manipulation of its calendar.[2] And "[u]nder the 'clearly erroneous' test, we will not disturb the trial court's factual findings if there is any evidence to sustain them."[3] Thus, I agree with the trial court that Summage did not waive his speedy trial rights as to the charges contained solely in the second indictment.

I am authorized to state that Judge Barnes and Judge Miller join in this dissent.

---

[1] In concluding that the State failed to establish waiver, the trial court acted as a factfinder. See *State v. Bell*, 274 Ga. 719, 720 (2) (559 SE2d 477) (2002).

[2] Cf. *Jones v. State*, 250 Ga. App. 829 (553 SE2d 24) (2001) (physical precedent only) (defendant's numerous continuances and leaves of absence, and his consenting to a notice resetting his case over to the next term, waived his speedy trial demand).

[3] *Morrow v. Vineville United Methodist Church*, 227 Ga. App. 313, 317 (2) (489 SE2d 310) (1997).

DECIDED MARCH 29, 2004 —

*Patrick H. Head, District Attorney, Dana J. Norman, Russell J. Parker, Assistant District Attorneys*, for appellant.
*Brian Steel*, for appellee.

A03A2053. DYKES v. THE STATE.
(597 SE2d 468)

ADAMS, Judge.

Roy Lee Dykes appeals from the trial court's denial of his motion for out-of-time appeal filed 16 years after his conviction for financial transaction card fraud. We affirm.

The record shows that on October 24, 1986, Dykes pled guilty to seven counts of financial transaction card fraud. The record contains a plea memorandum signed by Dykes and his counsel, which provides that Dykes would plead guilty to all the charges and that all prior probation would be revoked. The plea agreement provided for ten years confinement on the new financial transaction fraud charges, "leaving it up to the Judge" as to any probation to follow. The memorandum also noted that Dykes would acknowledge other financial transaction fraud charges that were not charged in the accusation. In connection with his plea, Dykes and his trial attorney signed the accusation in the case directly under language reading, "The Defendant . . . waives copy of accusation, list of witnesses and being formally arraigned, waives indictment by the Grand Jury of said County, and also waives trial by jury, and pleads guilty." No other documents regarding his guilty plea exist in the record. The clerk of court has certified that no transcript of any plea hearing was ever filed.

Dykes's sentence was reviewed and affirmed by the Superior Court Sentence Review Panel on February 27, 1987. On August 15, 1989, the State Board of Pardon and Paroles issued Dykes a parole certificate, indicating that he would be paroled on the fraud charges on September 1, 1989, with the parole to expire on September 1, 1996. And in June 1991, the board issued Dykes an "Order of Restoration of Civil and Political Rights Commutation" in connection with those charges. Dykes filed his motion for out-of-time appeal on December 31, 2002, and amended his motion to raise additional grounds on January 9, 2003.

Dykes asserts that the trial court erred in denying his motion for out-of-time appeal because his trial counsel was ineffective in failing