## A06A0056. RIVERS v. THE STATE.
(633 SE2d 74)

SMITH, Presiding Judge.

Jay Bernard Rivers appeals the trial court's order denying his motion to dismiss (more properly a motion for discharge and acquittal) on the basis of the State's failure to comply with the provisions of OCGA § 17-7-170. Because the State did comply with that Code section, we affirm.

On October 18, 2004, Rivers and two other individuals were indicted by a Dooly County grand jury for crossing prison guard lines with contraband, OCGA § 42-5-15.[1] On October 28, 2004, Rivers filed both a waiver of arraignment and a demand for trial pursuant to OCGA § 17-7-170.

Dooly County is in the Cordele Judicial Circuit, and the relevant statute provides that its yearly terms of court commence on the "[f]ourth Monday in January and Monday following the third and fourth Mondays of April, July, and October." OCGA § 15-6-3 (13) (C). This statutory language seems, at best, ambiguous. As to the months of April, July, and October, it would be possible to interpret this language as providing for *two* terms in each named month: a one-week term followed by a second term extending until the beginning of the next term.[2] But such an interpretation would not only effectively limit the provisions of OCGA § 17-7-170 to a single term of ordinary length; it would also create difficulties with such matters as the inherent power of the trial court to modify or vacate a judgment during the term of its entry. See, e.g., *Andrew L. Parks, Inc. v. SunTrust Bank*, 248 Ga. App. 846, 847 (545 SE2d 31) (2001).

Bearing in mind our duty to interpret statutes so that they both effectuate the intent of the legislature and "square with common sense and sound reasoning," (citations and punctuation omitted) *Simpson v. Southwire Co.*, 249 Ga. App. 406, 407 (1) (548 SE2d 660) (2001), it appears that the legislature intended for a single term to commence on the Monday following the third Monday of the named month and continue through the Monday following the fourth Monday to the commencement of the next term. This is the manner in

---

[1] All three defendants were charged with this offense; another individual was also charged with possession of contraband by an inmate, OCGA § 42-5-18.

[2] Rivers has not advocated this interpretation in his appeal.

which both the trial court and counsel appear to have interpreted the statute, and it is consistent with our decision regarding the similar statutory provision for the Piedmont Circuit in *Brooks v. State*, 257 Ga. App. 515 (571 SE2d 504) (2002). This interpretation ignores the language of the statute referring to the fourth Monday, but it avoids construing the language to require some court terms of only a single week's duration and others lasting several months. That result would be clearly absurd. The discussion in *Brooks* suggests that the "third and fourth Monday" language is, in a sense, an artifact of legislative history. It appears the legislature intended this language to offer greater flexibility with respect to the beginning date for some terms of court by providing that "[t]he court could begin its term on either of those two Mondays." Id. at 517. While in the case before us this ambiguity does not affect the result, a legislative clarification may be advisable to prevent confusion in the future.

Rivers's trial demand was filed on Thursday, October 28, 2004, during the first week of the October term. The superior court clerk was called to testify regarding the impanelment of jurors in Dooly County, but she did not bring her records for 2004. She testified that a jury was impaneled during the October 2004 term of court, although she was not sure of the date because she did not have the 2004 calendar. She also testified that one trial week per term is called for civil trials and one for criminal trials. Under prompting by defense counsel, after first stating that she was "not sure" the clerk testified that the October term began on October 25, 2004, and also agreed that it would "sound accurate" that a jury was impaneled for that term on October 26, 2004. She did not testify, however, that a jury was impaneled on October 28, when Rivers's demand was filed, or that the trial week jury was not dismissed or dispersed before the end of the trial week. The clerk also testified that the next available criminal jury trial week in which Rivers could have been tried after the week of October 25 began on February 7, 2005, in the January term of court. No additional criminal trial juries were impaneled after the week of February 7 until April 25, 2005.

The January 2005 term began on January 24, 2005. On January 31, 2005, the grand jury returned a new indictment of Rivers. This indictment did not charge Rivers with crossing prison guard lines with contraband, but with four new and different offenses arising out of the same incident. While the State wished to proceed to trial on the new indictment, Rivers refused to waive arraignment on the new indictment, and the case proceeded to trial on the earlier indictment. The trial of Rivers and his co-defendants commenced on February 8, during the January term. On February 9, the trial court granted a mistrial with respect to Rivers.

On April 29, 2005, during the first week of the April term, Rivers filed a motion to dismiss for failure to comply with the provisions of OCGA § 17-7-170. On July 1, 2005, the State entered a nolle prosequi to the earlier indictment. On July 13, 2005, still within the April term, the trial court denied Rivers's motion on the basis that OCGA § 17-8-31 (c) tolled the demand for trial during the period that a material witness for the State was deployed to active duty with the National Guard. Rivers appeals from this order; his notice of appeal was filed July 22, 2005, still within the April term. The July term of court began on July 25, 2005.

OCGA § 17-7-170 (b) provides in pertinent part: "If the person is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try the person, the person shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation." While a jury was impaneled earlier in the same week as Rivers's trial demand, Rivers did not show that a jury was still available by the end of the week. But even if a jury had been available at that time, Rivers was tried in the next available term at which there was a jury "impaneled and qualified to try" him, the January term of court.

Here, we need not reach the question of whether Rivers's indictment on new charges required that he file a new demand for trial, or whether the State was entitled to try him on the superseding indictment, on which he made no trial demand. See *State v. Summage*, 266 Ga. App. 630, 633 (1) (597 SE2d 641) (2004) (demand for trial on first indictment not applicable to new charges first appearing in second indictment). Nor do we reach the issue of Rivers's possible waiver of his demand for trial, as asserted by the State. Likewise, we do not reach the issue of the application of OCGA § 17-8-31 (c).[3]

We need not address these issues because Rivers's demand for trial is controlled by OCGA § 17-7-170 (e), which expressly provides: "If the case in which a demand for trial has been filed as provided in this Code section results in a mistrial, the case shall be tried at the next succeeding regular term of court." Rivers's trial ended in a mistrial on February 9, 2005, still within the January term. His case therefore could have been tried at any time during the succeeding April term, which began on April 25, 2005 and continued through

---

[3] We note that, while OCGA § 17-8-31 is somewhat analogous to the federal Servicemembers Civil Relief Act, 50 USC Appx. § 521, unlike the federal law it is expressly applicable to criminal trials, allows for a continuance in the absence of a material witness, and with respect to OCGA § 17-7-170 or § 17-7-171 "shall toll the running of the demand for trial and shall continue the trial until the witness is released from active duty or the military makes the witness available to testify." OCGA § 17-8-31 (c).

Friday, July 22, 2005. The trial court therefore did not err in denying Rivers's motion for discharge and acquittal, because the State complied with the provisions of OCGA § 17-7-170.

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED JUNE 20, 2006.

*Ronald L. Beckstrom*, for appellant.

*Denise D. Fachini, District Attorney, Cheri L. Nichols, Assistant District Attorney*, for appellee.