## A10A1431. JOHNSON v. THE STATE.

(697 SE2d 224)

MIKELL, Judge.

William Van Johnson pled guilty to incest and was sentenced to ten years, three of which he was ordered to serve in confinement with the remainder on probation. Johnson filed a motion to withdraw his guilty plea, which the trial court denied. On appeal, Johnson contends that his motion to withdraw his guilty plea should have been granted because he did not knowingly and voluntarily enter the plea. We find no error and affirm.

> A ruling on a motion to withdraw a guilty plea lies within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of such discretion. When the validity of a guilty plea is challenged, the state bears the burden of showing affirmatively from the record that the defendant offered his plea knowingly, intelligently, and voluntarily.[1]

The state must show "that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea."[2] After a defendant's sentence has been pronounced, his

> guilty plea may be withdrawn only to correct a manifest injustice. The test for manifest injustice will by necessity vary from case to case, but it has been said that withdrawal is necessary to correct a manifest injustice if, for instance, a defendant is denied effective assistance of counsel, or the

---

[1] (Footnote omitted.) *Frost v. State*, 286 Ga. App. 694 (649 SE2d 878) (2007). See also *Dalton v. State*, 244 Ga. App. 203, 205 (2) (534 SE2d 523) (2000).

[2] (Punctuation and footnote omitted.) *Hubbard v. State*, 301 Ga. App. 388 (687 SE2d 589) (2009).

guilty plea was entered involuntarily or without an under-standing of the nature of the charges.[3]

The record shows that Johnson fathered his teenage stepdaugh-ter's child. After the victim indicated that she did not wish to prosecute Johnson, plea discussions occurred and resulted in a negotiated plea agreement that Johnson would serve ten years on probation and place his name on the sex offender registry. After receiving the terms of the plea agreement, the trial judge asked Johnson a litany of questions to ensure that he was not under the influence of drugs, that he was satisfied with his lawyer, that he understood the charges and the punishment therefor, and that he understood that he was waiving his rights to a jury trial, to question and subpoena witnesses, and to force the state to carry its burden of proof. Johnson also stated that he was guilty of the charged offense. The trial judge asked Johnson if he were entering his plea of guilty intelligently, voluntarily, and knowingly, and Johnson replied that he was. On the petition to enter plea of guilty that was signed by Johnson in connection with the negotiated plea, he acknowledged that he had been advised of the maximum punishment that he could receive and in response to the question asking what that sentence was, he wrote "10 - 30 yrs." On the form, Johnson also indicated that he understood that he had the following rights: to plead not guilty, to a speedy and public trial, to confront and subpoena witnesses, and to testify or not; and that he was giving up these rights by entering a plea of guilty.

When the trial judge asked Johnson to explain what happened with the victim, Johnson blamed the victim. The trial judge then rejected the negotiated plea, and the following colloquy occurred:

> Court: You've got a born child. This case is going to trial. If you want to plead guilty and take what you get, that's fine, but we're not going to take this plea of ten years probation, no fine, no nothing. Okay. Plead guilty and take what you get, that's fine. No negotiations in this case.
> Johnson: No, sir.
> Court: All right.
> [Counsel]: Do you want to plead guilty?
> Johnson: Yeah.
> Court: Is that what you want?
> Defendant: Yeah.
> Court: All right.

---

[3] (Footnotes omitted.) Id.

Johnson's counsel then requested time to speak to Johnson about sentencing. After Johnson's counsel summarized the facts for sentencing purposes, the court then stated as follows:

> Court: Well, I don't know to what extent we covered this on the record. The court told you that I was not going to take the plea as negotiated. Your lawyer had a conversation real briefly with you and I don't know that that was reflected on the record. You have a right since the court rejected the negotiation to withdraw your plea and go to trial. You haven't entered a plea yet, in fact. So the court can't hold it against you for going to trial. Do you understand that?
> Johnson: Yes, sir.
> Court: Do you want to plead guilty and take whatever you get within the range of punishment?
> Johnson: Yes, sir.
> Court: You don't have to do that. Do you understand that?
> Johnson: Yes, sir. . . .
> Court. All right then, I'm going to find the plea's intelligently and voluntarily entered and let him enter his plea.

In his pro se motion to withdraw guilty plea, Johnson asserts that he did not become aware of the change in his negotiated plea until he was processed for incarceration.[4] At the hearing on the motion, Johnson testified that he did not remember what transpired; that when the court said "ten do three," he did not understand what that meant; and that he was so confused that he could not remember anything. When asked about specific conversations he had with the trial judge or his attorney, Johnson replied, "There was so many questions being asked that — no, not really." He also testified that he did not have an opportunity to stop the proceedings and confer with his attorney; that he did not knowingly enter a plea; and that he did not know the difference between a negotiated and a non-negotiated plea. Johnson's trial counsel was not called as a witness at the hearing.

Johnson cites one case in his appellate brief, *Maddox v. State*,[5] in which the Court found no error in the denial of the defendant's motion to withdraw his guilty plea.[6] As was the defendant in

---

[4] Johnson was represented by counsel at the hearing on the motion to withdraw his plea.

[5] 278 Ga. 823 (607 SE2d 587) (2005).

[6] Id. at 826-827 (4).

*Maddox,*[7]

> [Johnson] was informed of his rights to remain silent, to an attorney, to trial by jury, to confront witnesses, to subpoena witnesses, to present evidence, and to testify. [Johnson] stated he understood the charges to which he was pleading guilty and that his entry of the guilty [plea] was a voluntary act[, and] [t]he trial court found a sufficient factual basis for the plea.[8]

The record shows that there was communication between Johnson and his counsel after the court rejected the negotiated plea and that the court made clear to Johnson that he did not have to plead guilty and that if he chose to do so, he could be sentenced within the range of punishment. Johnson indicated that he understood everything and that he wanted to plead guilty. Therefore, based on the record, we conclude that the state met its burden of showing that the defendant offered his plea knowingly, intelligently, and voluntarily, and the trial court did not abuse its discretion when it denied Johnson's motion to withdraw his guilty plea.[9]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED MAY 26, 2010 —
RECONSIDERATION DENIED JUNE 29, 2010.

*Billy L. Spruell, Melinda D. Taylor*, for appellant.
*Garry T. Moss, District Attorney, J. Clifford Head, Rebekah R. Shelnutt, Assistant District Attorneys*, for appellee.

---

[7] Supra.
[8] (Footnote omitted.) Id. at 826 (3).
[9] See *Rios v. State*, 281 Ga. 181, 183 (4) (637 SE2d 20) (2006).