A11A0030. BURNETT v. THE STATE.
(710 SE2d 624)

MIKELL, Judge.

Andrew Burnett, pro se, appeals an order of the Superior Court of Walton County denying his pro se motion to withdraw a guilty plea. Finding no error, we affirm.

On October 9, 2007, an accusation was filed charging Burnett with two counts of speeding on November 8, 2006. On April 5, 2010, Burnett entered his guilty plea to one count of the accusation.[1] Burnett was represented by counsel during the plea and sentencing proceedings, during which he was placed on probation for 12 months and fined $125 plus surcharges. On May 7, 2010, Burnett filed his pro se motion to withdraw guilty plea.[2] A hearing on these two motions was held on June 28, 2010, at which Burnett did not appear.

---

[1] Count 2, an alternative charge of speeding, was nolle prossed.

[2] That same day, he also filed his pro se motion for speedy trial.

Burnett, instead, sent the court a letter stating that he waived oral argument and would not appear at the hearing, submitting his motions for resolution "on their merits and in the interests of justice." The trial court's order of June 29, 2010, found Burnett's motion was not filed within the term during which he had been sentenced and, alternatively, denied the motion to withdraw his plea on the merits.

1. Burnett's brief discusses a number of judicial proceedings dealing with a separate traffic charge against him. These matters are not the subject of the instant appeal and cannot be considered by this court.[3] Further, Burnett makes factual assertions about these proceedings without citation to the record and transcripts before this court, in violation of Rule 25 (a) (1) of this court.[4] Also, Burnett has attached as exhibits to his brief copies of documents purportedly from these other hearings. Pursuant to Rule 24 (g),[5] these exhibits shall not be considered on appeal. To the extent that we can discern Burnett's arguments regarding this appeal, we will consider them.

2. Burnett argues that the trial court misinterpreted its terms of court and should have found that his motion to withdraw was filed within the term in which he was sentenced.

Pursuant to OCGA § 15-6-3 (2) (B), the terms of court for the superior court of Walton County in the Alcovy Circuit shall commence on the "[f]irst and second Mondays in February, May, August, and November." Burnett entered his plea during the February 2010 term of court. He argues that, due to the "first and second" Monday language, the February term did not end until the second Monday in May, which was May 9, 2010, making his motion to withdraw, filed May 7, 2010, timely because it was filed within the February term.

A similar argument, in the context of a motion for discharge and acquittal for failure to try an accused within two terms of court,[6] was considered in *Brooks v. State*.[7] There, this court construed similar language (i.e., "first and second Mondays in February") regarding the commencement of terms of court of Barrow County. We concluded that such language meant that there was only one term of

---

[3] See OCGA §§ 5-6-33, 5-6-34, 5-6-37.

[4] Part One [of the brief of appellant] shall contain a succinct and accurate statement of the proceedings below and the material facts relevant to the appeal and the citation of such parts of the record or transcript essential to a consideration of the errors complained of, and a statement of the method by which each enumeration of error was preserved for consideration.

[5] "Documents attached to an appellate brief, which have not been certified by the clerk of the trial court as a part of the appellate record and forwarded to this Court, shall not be considered on appeal."

[6] OCGA § 17-7-170 (a).

[7] 257 Ga. App. 515, 517-518 (571 SE2d 504) (2002).

court in a particular month, but the court could begin its term on either of the two Mondays listed in the statute.[8] This court based its conclusion in part on the legislative history setting up the terms of court in Barrow County.

The legislative history of Walton Superior Court also supports our conclusion that the same analysis is applicable here. In 1921, an act was passed providing that, "from and after the passage of this Act there shall be held in each year four terms of the Superior Court for the County of Walton" and that "the terms of said Court shall begin on the third Mondays in February and August, and first Mondays in May and November in each year."[9] Through subsequent enactments, the terms were changed to the current "first and second Mondays in February, May, August, and November."[10] As discussed in *Brooks v. State*,[11] this language indicates that there are four terms in Walton County and the superior court is authorized to begin its terms on either of those two Mondays.

Because we are unable to determine from the record before us upon which of these two Mondays, May 3 or May 10, the May term of Walton Superior Court began, we assume, without deciding, that Burnett's motion to withdraw his guilty plea was timely filed.

3. Burnett contends that he did not freely and voluntarily enter his plea of guilty.

> Once a defendant challenges the validity of his guilty plea, the burden falls on the [s]tate to show that the defendant intelligently and voluntarily entered the plea. The query is whether the defendant freely and voluntarily entered the plea with an understanding of (i) the charges against him and (ii) the consequences of his plea. The [s]tate may meet its burden through use of the transcript of the guilty plea hearing or through use of extrinsic evidence. We will not disturb the trial court's ruling on the question absent a manifest abuse of discretion.[12]

During the plea hearing, the state presented the factual basis for the charge of speeding, i.e., that on November 8, 2006, Burnett was observed driving 52 miles per hour in a 35 miles per hour speed zone on Georgia Highway 20 in Loganville. Burnett was represented by an

---

[8] Id. at 518.

[9] Ga. L. 1921, p. 135.

[10] Ga. L. 1980, pp. 362-363; OCGA § 15-6-3 (2) (B).

[11] Supra.

[12] (Citations and punctuation omitted.) *David v. State*, 279 Ga. App. 582, 584 (631 SE2d 714) (2006).

attorney during the plea hearing and Burnett acknowledged that he had reviewed the "Plea of Guilty: Acknowledgment and Waiver of Rights" form and the "Withdrawal of Plea of Not Guilty and Tender of Guilty Plea" form with his attorney and understood the forms. Each of the 27 questions on the "Plea of Guilty: Acknowledgment and Waiver of Rights" form was responded to by Burnett's initialing his answer in the "yes" or "no" spaces. Both the district attorney and the court asked Burnett if anyone had made threats or promises to induce him to plead guilty, and he answered "no" each time. Burnett stated that he understood that the maximum sentence he could receive was 12 months confinement. Asked by the trial court if he had had sufficient time to speak with his attorney, Burnett responded "yes." Burnett also responded affirmatively when asked if he were satisfied with his attorney's performance.

As stated above, Burnett opted not to appear at the hearing on his motion to withdraw his plea. The trial court's order reflects the court's examination of the transcript of the plea hearing and the documents of record in making his decision on Burnett's motion to withdraw his plea. Therefore, based on the record, we conclude that the state met its burden of showing that the defendant offered his plea knowingly, intelligently, and voluntarily, and the trial court did not abuse its discretion when it denied Burnett's motion to withdraw his guilty plea.[13]

4. Burnett's enumerations 6, 7, and 8 are that the use of the dead docket violates constitutional protections; that there was unlawful assessing of fees and surcharges after sentence pronouncement; and that he was denied bail. Burnett does not point us to, nor do we discern, anywhere in the record before us where these objections were voiced in the trial court. Inasmuch as Burnett is making these objections for the first time on appeal, the objections are improper and have been waived.[14]

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED APRIL 27, 2011.

Andrew Burnett, *pro se.*

---

[13] See *Rios v. State*, 281 Ga. 181, 183 (4) (637 SE2d 20) (2006); *Johnson v. State*, 304 Ga. App. 684, 686-687 (697 SE2d 224) (2010).

[14] *Hightower v. State*, 287 Ga. 586, 593 (8) (698 SE2d 312) (2010); *Brown v. State*, 300 Ga. App. 359, 362 (3) (685 SE2d 377) (2009).

*W. Kendall Wynne, Jr., District Attorney, Walter C. Howard, Stephanie R. Myers, Assistant District Attorneys*, for appellee.